Judge Coalter.
delivered his opinion.
The question in this case is, whether a patent, issued in pursuance of the Act of 1788, (2 Rev. Code, 434,) which includes in its general courses a prior claim, is to be considered as passing to the patentee, the title of the Commonwealth in and to the lands covered by such prior claim, subject only to the title, whatever it may be in the prior claimant; so that if that title, as in the case before us, is only a prior entry, subject to be vacated by neglect to survey; and return the plat, as is also this case, no one can enter therefor, as in other cases of lands so becoming vacant and subject to future entry and patent; but, that the patentee of the inclusive survey, is to hold the same against all the world, save the prior claimant, and the particular right under which he held. ■
*367 In tlie case before us, the prior claimant forfeited the right he then claimed by, and again re-entered, surveyed, and obtained a patent for the same land, for which the in-elusive patentee has brought his ejectment, claiming to recover the land under his patent issued as aforesaid. If any other person had a fight to enter for this land, after the original claim became vacated as aforesaid, it was equally competent for the original claimant, as it was for the patentee of the inclusive grant, , to do so.
The Commonwealth, although she has sold and received payment for the warrant, by which an entry is made, has never sold the land which is covered by it, until the entry is carried into grant. The warrant may, at any time, be withdrawn, either before or after the entry becomes vacant as aforesaid, and may be again applied, either in the purchase of that, or any other vacant and unappropriated land. No taxes can be charged for such land, until it is granted to some one by patent. Why is it then, that the Commonwealth shall not be at liberty to sell, and receive payment for, and collect taxes on, lands included within the bounds of such patent, but reserved out of the grant, remaining unpaid for by the inclusive patentee, and for which he is in no wise chargeable for taxes ? It cannot arise from any equity in the Statute in his favor. He says he will not pay for it, or subject himself to pay taxes for it, because the Commonwealth cannot grant it to him; and therefore he desires that it may be reserved out of his grant, and that he may pay only for the residue, and be taxed accordingly. The law in relation to surplus lands applies to eases where the patent has issued for the whole tract, and can only be extended to this case, on the postulate that the whole passed; but, that is the question first to be decided. There .may be no mistake or fraud in the surveyor in this case; no surplus land, if this prior claim is excluded; and that remedy on behalf of the Commonwealth, can only be applied within a given time, and under particular circumstances. The law, too, under which this patent is *368 sued, was soon found to be productive of frauds and mischiefs, and was consequently repealed; so that 1 think a very liberal, or what might be called an equitable construction, ought not to be given to it. The party gets all the land he paid for, or for which he is chargeable for taxes, and ought to be satisfied.
I think, therefore, that the judgment should be affirmed.
The other Judges concurred, and the judgment was affirmed.*