## CIRCUIT COURT OF ARLINGTON COUNTY

W. Lawrence Brantley and
Beatrice E. Brantley

v.

Willis G. Kemper and
Gibraltar Mortgage & Investment Co.

November 1978

Case No. (Law) 19947

By JUDGE PAUL D. BROWN

The Plaintiffs placed money in two amounts with the Defendant Gibraltar Mortgage & Investment Corporation. The placement of one sum as a second trust loan is in issue. The lenders' instructions to Gibraltar, their agent, were to proceed with the loan to be subordinated to a first trust in the principal amount of $36,312.00 and no more.

On July 13, 1976, the Plaintiffs first learned that the money had been loaned, a deed of trust and note executed and a title certificate obtained. To their surprise, the first trust was over $55,000.00, contrary to their instructions.

Four days after learning of the higher first trust, Plaintiffs wrote Gibraltar pointing out the problem and saying further:

> In spite of your calming words that Lake Land Enterprises [the borrower] is in godd (sic) financial condition and may pay for the loan early, I again say that the increased amount

of the first trust lien may cause us trouble. Should I lose any money because of the increased amount of the first trust lien, I will have to hold you responsible and liable because my money was disbursed contrary to my instructions.

Since that time the borrower has gone into bankruptcy; the Plaintiff lenders have not received their money; and they have brought this suit against Gibraltar and Kemper, its president. The evidence discloses that Gibraltar failed to advise the loan settlement attorney of the condition as to the amount of the first trust loan. No fault is laid at the attorney's door.

The issue is whether Gibraltar, acting as agent for the Plaintiffs, and breaching its duty by failure to adequately instruct the settlement attorney, may now claim that the Plaintiffs have affirmed the transaction so as to relieve Gibraltar of any liability for any loss rising from its actions.

The evidence discloses that, while late, the Plaintiffs received three payments representing four months' interest on dates in August, September and November, 1976. Suit is for the principal amount of the note only, which is $15,000.00 The Plaintiffs took three other steps: First, there was an effort to foreclose on the second trust which apparently was not concluded because of a foreclosure under the first trust. Secondly, the Plaintiffs filed their claim in the borrower's bankruptcy proceeding (which has produced nothing). Finally, Mr. Brantley on behalf of the Plaintiffs, suggested sale of the property securing the debt for less than all sums due in an apparent effort to salvage his money. Other letters to Gibraltar reiterated the position that Gibraltar would be held for any loss.

The evidence, arguments and subsequent Memoranda of counsel have been considered.

Mr. Kemper, the individual Defendant, is to be dismissed from the proceedings as it appears dealings with him were in his capacity as president of Gibraltar.

There is no real damage issue in the case as there has been no evidence of malice or of a wanton or willful breach of duty by Gibraltar which rules out punitive damages (*Jordan v. Sauve*, 219 Va. 448 (1978)) and because the Plaintiffs' claim is only for the $15,000.00 loaned

in early June, 1976, with no interest claimed until judgment. While the Plaintiffs have retained the $1,000.00 interest paid by the borrower Lake Land, nevertheless, this is less than the twenty percent interest on their loan from the date of the loan until judgment herein. Further, the salvage effort in the bankruptcy proceeding has produced nothing and the evidence indicates it most likely will not.

This case is unlike the ratification cases involving a sales agent who takes payment on an order for goods at less than his principal-vendor requires where that principal-vendor later goes through with the deal clearly ratifying it regardless of any statements denying ratification. Here the deed was done and the Plaintiffs had no choice about going forward as settlement had been had on their loan. The high water mark of the Defendants' claim is that the Plaintiffs accepted the interest, late though some of it was, and that the Plaintiffs tried to salvage their money by making suggestions concerning an agreed sale of the land securing the debt (Exhibits D-4 and D-5) and by making a claim in bankruptcy. This high water mark falls short, however, of becoming a ratification because it is at best a ratification in part. Acts of ratification made in derogation of words to the contrary must be acts of total ratification.

As is said in Skyles, Agency, Ch. 3, Sec. 38C:

> An indivisible transaction such as a contract or conveyance can be ratified only in its entirety. In cases involving consensual affirmance, the question is one of the interpretation of the consent given, that is, whether there was a willingness to accept the transaction with all its terms; if less than that there is no ratification but something like a counter offer.

Presumably, the efforts of Brantley to collect the trust note were as diligent as those which might have been made by Gibraltar had Brantley phrased his objections differently, for example, by disaffirming the transaction and demanding the money forthwith in full from Gibraltar in return for an assignment of the note.

I find there was no affirmative election by acts or intent to ratify the unauthorized loan.

A further condition of ratification is that the principal have full knowledge of all the facts. This element is also missing for in the present case Gibraltar, through its president, offered calming words that Lake Land Enterprises was in good financial condition. It was not, for there was late payment of interest *ab initio*, followed by no payments and soon followed by bankruptcy. Ratification also fails for this second reason.

There being no ratification, the Plaintiffs are not barred from their claim. They have proved that Gibraltar is indebted to them in the principal sum of $15,000.00 with interest from the date of judgment.