842 F.2d 1290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert S. GARRICK, Plaintiff-Appellant,
v.
Lloyd John KELLY, Jr., Defendant-Appellee.
Robert S. GARRICK, Plaintiff--Appellee,
v.
LLoyd John KELLY, Jr., Defendant--Appellant.
 Nos. 87-3007L, 87-3008.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1987.
Decided March 10, 1988.
 
 Amy Sauber Berman (Gerard F. Treanor, Jr.; Venable, Baetjer & Howard, on brief), for appellant.
 Geoffrey Judd Vitt (Treavor W. Swett, III; Claire L. Shapiro; Caplin & Drysdale, Chartered, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Garrick and Lloyd Kelly each sued the other for assault and battery and malicious prosecution arising out of a street brawl between them which had its genesis in the transfer of the affections of Mrs. Garrick, who was no longer living with her husband, to Kelly.* The case was tried to a jury which not only absolved Kelly of any wrongdoing against Garrick but which also awarded him compensatory damages against Garrick in the amount of $20,000 for assault and $5,000 for malicious prosecution, and punitive damages of $50,000 for malicious prosecution. The district court denied Garrick's motion for judgment n.o.v., for a new trial and for a remittitur, and entered judgment on the verdicts. Garrick v. Kelly, 649 F.Supp. 607 (E.D.Va.1986).
 
 
 2
 Each party appeals. Garrick contends that, as a matter of law, he cannot be liable for malicious prosecution because the ultimate dismissal of criminal charges against Kelly under the facts peculiar to this case was not a favorable disposition of the case, that the district court committed reversible error in one of its evidentiary rulings and in denying his motion for a new trial based upon newly discovered evidence, that the punitive damage award was excessive and not supported by the evidence, and that the evidence, as a matter of law, established that there was probable cause to lodge criminal charges against Kelly. Kelly's appeal attacks the correctness of the district court's exclusion of some of Kelly's evidence concerning future loss of earnings resulting from the assault. His appeal is, however, conditional. He states that he does not press it if the court concludes that there is no merit in Garrick's appeal.
 
 
 3
 We think there is no merit in Garrick's appeal and so we affirm in both appeals.
 
 
 4
 In denying Garrick's motions, the district court, in its reported opinion, thoroughly discussed the facts and the applicable law. It covered all of the issues which are presented to us. In this fact-specific, diversity case, we perceive nothing more that need be said. We affirm on the opinion of the district court. Garrick v. Kelly, supra.
 
 
 5
 AFFIRMED.
 
 
 6
 MURNAGHAN, Circuit Judge, concurring in part and dissenting in part:
 
 
 7
 Because there was insufficient evidence to support a jury finding of actual malice, I dissent from the affirmance of the $50,000 award of punitive damages for malicious prosecution. I concur, however, in the affirmance of the compensatory damages award to Kelly in the aggregate amount of $25,000: $20,000 for assault and battery and $5,000 for malicious prosecution.
 
 
 8
 A claim of malicious prosecution, under Virginia law, has four elements: (1) prosecution was instituted by defendant, (2) prosecution was terminated in a manner not unfavorable to plaintiff, (3) prosecution was instituted without probable cause, (4) defendant acted with legal malice. Lee v. Southland Corp., 219 Va. 23, 26, 244 S.E.2d 756, 758 (1978). Punitive damages are recoverable in a malicious prosecution action if the defendant acted with actual malice. Id. Two species of malice are, therefore, relevant in a malicious prosecution in which punitive damages are sought: (1) legal malice which may be inferred from lack of probable cause, id. at 759, which is an essential element of compensatory damages for the tort of malicious prosecution and (2) actual malice which supports an award of punitive damages. Actual malice must be shown by evidence especially addressed to that issue; it cannot be inferred from a showing of want of probable cause. Giant of Virginia, Inc. v. Pigg, 207 Va. 679, 686, 152 S.E.2d 271, 277 (1967).
 
 
 9
 The necessity for evidence addressed to actual malice is clear, for there always will be a certain amount of ill will of a complaining witness toward the accused; the complaining witness, by definition, manifests a belief that the accused violated the criminal law. But that ill will alone cannot support punitive damages for malicious prosecution or else every malicious prosecution would give rise to punitive damages. Virginia courts have spoken to the quantum of additional ill will necessary to constitute actual malice requisite to recovery of punitive damages in malicious prosecution actions.
 
 
 10
 In Pigg, the trial court sustained a jury verdict as to compensatory damages for malicious prosecution, but set aside a verdict as to punitive damages. The Supreme Court of Appeals of Virginia affirmed, agreeing that the evidence did not support a finding of actual malice. Pigg defined actual malice as personal ill will, or behavior under circumstances of insult, rudeness, or oppression, or in a manner showing reckless and wanton disregard of plaintiff's rights. Pigg, 207 Va. at 686, 152 S.E.2d at 277. In Jordan v. Sauve, 219 Va. 448, 247 S.E.2d 739 (1978), a fraud case, the court first held that the same rule of proof necessary to support a claim for punitive damages that applies to actions for false arrest, false imprisonment and malicious prosecution also applies to a claim for punitive damages in an action based on fraud. The court then stated the standard of review for plaintiff's evidence:
 
 
 11
 The question then becomes whether the plaintiff's evidence, and all reasonable inferences therefrom, was sufficient to permit the jury to find that Sauve [defendant] was so reckless or negligent as to evince a conscious disregard of the plaintiff's rights; that is, whether Sauve [defendant] acted wantonly, oppressively, or with such malice as to evince a spirit of mischief or criminal indifference to civil obligations.
 
 
 12
 Id. at 453, 247 S.E.2d at 742.
 
 
 13
 In Sauve the court concluded that there was sufficient evidence to support a verdict of punitive damages and reversed the trial court's decision to strike that claim. The Supreme Court of Virginia noted that, considered in a light most favorable to plaintiff, the evidence of Sauve's misrepresentation that the car was new, coupled with his misstatements about the accumulated mileage, price sticker, brakes, sticker price and discount would have justified the jury in finding Sauve's misconduct to be of such a reckless and negligent character as to evince a conscious disregard of plaintiff's rights. Id. at 454, 247 S.E.2d at 742.
 
 
 14
 In the present case, there was not sufficient evidence to permit the jury to find that Garrick, in seeking criminal charges against Kelly, acted wantonly, oppressively or with such malice as to evince a spirit of mischief or criminal indifference. There was evidence of some ill will of Garrick toward Kelly and of Kelly toward Garrick. The altercation confirms that ill will. However, there was not sufficient evidence that ill will rising to the level of actual malice animated Garrick's initiation of criminal proceedings against Kelly.
 
 
 15
 The evidence concerning Garrick and his role as complaining witness against Kelly was of conversations that Garrick had with the magistrate and the Commonwealth's Attorney. Garrick, the night of the altercation, swore out a warrant charging Kelly with assault and battery; the magistrate refused to include the charge of attempted murder that Garrick sought. Garrick thought the seriousness of the matter greater than that accorded it by the magistrate and he, with counsel, visited the Commonwealth's Attorney and asked him to charge Kelly with attempted murder. The Commonwealth's Attorney declined. The record reveals no other direct evidence regarding Garrick's initiation of criminal proceedings against Kelly.
 
 
 16
 Essentially all that was relied on to show actual malice was the desire to prosecute for attempted murder. That and a jury finding of lack of probable cause (from which legal malice may be inferred) was sufficient to constitute legal malice to uphold an award of compensatory damages. However, the something extra necessary to constitute actual malice for punitive damages, Pigg, 207 Va. at 686, 152 S.E.2d at 277, was lacking insofar as initiating the prosecution against Kelly was concerned. Events subsequent to initiation of a criminal proceeding can reflect either or both legal and actual malice and support a claim for malicious prosecution and punitive damages. For instance, though a prosecution is properly commenced and a defendant would not be liable for instituting it, a defendant may become liable for continuing a prosecution after learning of exculpatory facts. W. Prosser and W. Keaton, The Law of Torts Sec. 119, at 872 n. 20 (5th ed. 1984). If done wantonly, oppressively or with such malice as to evince a spirit of mischief or criminal indifference, a defendant's continuing of a prosecution in the face of exculpatory facts could support a punitive damage claim. In the present case, however, there is nothing in the record to show that, while not motivated in its inception by actual malice, the continuation of the prosecution demonstrated actual malice. Neither in its initiation or its continuation was the prosecution motivated by actual malice.
 
 
 17
 The present case is not like Lee v. Southland Corp., in which the Supreme Court of Virginia reversed a trial court decision to remove the punitive damage claim from a malicious prosecution action. In Lee, the testimony of all of defendant's witnesses showed that the criminal prosecution was wilfully and purposely set in motion not to bring plaintiff to justice but primarily for the purpose of using the criminal process to collect the cost of replacing a broken glass door. Lee, 219 Va. at 27-28, 244 S.E.2d at 759. Evidence of that type does not exist in like kind or amount in the present case.
 
 
 18
 The jury must have redirected the ill will that existed because of the transfer of affections of Mrs. Garrick or because of the altercation to the decision of Garrick to prosecute. However, whatever ill will existed in that decision by Garrick, and which could only be inferred by the jury, could not rise to the level of actual malice necessary to support the punitive damages verdict.
 
 
 19
 The jury's confusion was understandable. When first instructed, it was properly instructed concerning the tort of malicious prosecution and punitive damages. The distinction of legal malice, that may be inferred from want of probable cause, as element of the underlying tort, and actual malice, that may not be inferred from want of probable cause, as an element of punitive damages, was drawn. The jury, during deliberations, sent out a question: "May we have reinstructions on malicious prosecution?" The court reinstructed them only concerning the tort. No reinstruction was made regarding actual malice and punitive damages. While such reinstruction regarding actual malice and punitive damages was not requested it should have been given because the distinction of legal malice and actual malice is vital, and the chance of confusion considerable.
 
 
 20
 An error in jury instruction normally would give rise to a new trial. However, in the present case, there was insufficient evidence to support a finding of actual malice; thus even under a more complete reinstruction a jury could not properly have found actual malice and have awarded punitive damages. I would reverse the punitive damage award.
 
 
 
 *
 Kelly's countersuit against Garrick also alleged other causes of action which Kelly voluntarily dismissed before trial