## CIRCUIT COURT OF THE CITY OF RICHMOND

Charles T. Stallings

v.

Michael DeAlto
and Robert A. Evans

October 25, 1988

Case No. LM-1760-3

By JUDGE T. J. MARKOW

This case arises from a termination of plaintiff's employment as a chef at defendant's restaurant. Defendant's alleged motive for dismissing plaintiff was to deprive Stallings of certain bonuses that the motion for judgment pleads plaintiff had rightfully earned. Defendant filed a demurrer to the motion for judgment, insofar as it alleges fraud and the recoverability of punitive damages. Basically, defendant asserts that plaintiff's motion for judgment may plead facts sufficient for a breach of contract claim, but the facts do not rise to the level of fraud, nor do plaintiff's factual allegations, assuming them to be true, establish any right to punitive damages. Plaintiff has not pled facts sufficient to establish that element of aggravation necessary to translate an · ordinary breach of contract claim into the tort of fraud. Fraud is not actionable in the abstract but must be pled with particularity. *Community Bank v. Wright*, 221 Va. 172, 267 S.E.2d 158 (1980).

The Supreme court of Virginia has set forth on many occasions the elements which must be alleged in order

to state a claim for actual fraud. In *Winn v. Aleda Construction Co.*, 227 Va. 304, 315 S.E.2d 193 (1984), a recent pronouncement of such requirements, the court stated:

> The elements of actual fraud are: (1) a false representation (2) of a material fact, (3) made intentionally and knowingly (4) with intent to mislead, (5) reliance by the party misled and (6) resulting damage to the party misled.

In the instant case, the motion for judgment is devoid of virtually all of the above elements. Plaintiff has not even attempted to allege that defendants made a misrepresentation of any kind. Rather, the sole basis of plaintiff's fraud claim is found in paragraph 7 of the motion for judgment, where plaintiff alleges that "defendants terminated plaintiff without just cause in breach of said contract, for the fraudulent purpose of depriving plaintiff of his substantial contractual bonuses."

In other words, plaintiff alleges no more than defendants breached the employment contract for the purpose of depriving plaintiff of one of his items of compensation. Such an allegation amounts to an intentional breach of contract, but not fraud.

The law is clear that the failure to abide by the terms of a contract does not amount to fraud. In Michie's Jurisprudence, *Fraud and Deceit*, Section 8 (1977), the issue is expressed this way:

> It should be pointed out that fraud cannot be predicated on a promise not performed. To make it available, there must be a false assertion in regard to some existing matter by which a party is induced to part with his money or his property.

*Id.* at 293.

Also, in *Colonial Ford Truck Sales v. Schneider*, 228 Va. 671, 325 S.E.2d 91 (1985), the Supreme Court said:

> While failure to perform an antecedent promise may constitute breach of contract, the breach does not amount to fraud.

Plaintiff's reliance on *Sea-Land Services, Inc. v. O'Neal*, 224 Va. 343, 197 S.E.2d 647 (1982), is also unfounded. In *Sea Land*, the Supreme Court of Virginia did uphold a jury award on a fraud claim. O'Neal, who had been working for the employer as a sales representative, wished to transfer to another position which was open. O'Neal's supervisors told her that she could have the other position after she resigned from her present position. After she submitted her letter of resignation from her present position, O'Neal was informed that she could not have the other job. The employer argued that no cause of action could be based upon a statement or promise relating to future events. Nonetheless, the court found sufficient evidence that the promise that plaintiff was to have the other job had been made with the then present intent not to perform it.

In contrast, Stallings has not pled that his contract as a chef was fraudulently induced, nor are there any allegations that defendant's statements regarding employment bonuses were false or calculated to mislead the plaintiff. The motion for judgment is devoid of any factual allegation relating to reliance on misrepresentations made by plaintiff.

Additionally, punitive damages are not recoverable even in a fraud action in the absence of a showing of actual malice. *Jordan v. Sauve*, 219 Va. 448, 247 S.E.2d 739 (1978). In this instance, malice is not even pled.

Finally, defendant's reliance on *Hercules Powder Co. v. Brookfield*, 189 Va. 531, 53 S.E.2d 804 (1949), is likewise not helpful since that case does not involve a cause of action for fraud but an action on a contract in which the forfeiture of certain earned monies constituted the breach. Unlike the plaintiff in the case at bar, the plaintiff in *Hercules Powder* argued that the defendant's bonus was an offer for which plaintiff rendered continued satisfactory service as consideration. Through and by compliance with the terms of the offer, plaintiff in *Hercules Powder* necessarily had to and did forego his right to seek and accept other employment and affirmatively met all conditions imposed by rendering service to the defendant for the specified time period. The issue in the case was the validity of contract formation, whether

an offer induced the employee to continue employment. The plaintiff did not attempt to transform a breach of contract claim into a fraud claim. The court's passing reference to the bonuses having been arbitrarily withdrawn as "perpetrating a fraud" spoke to the issue of consideration and cannot be construed to mean that the breach of contract claim did double duty as a claim for fraud as well. If plaintiff seeks to proceed on a theory of fraud, his pleadings are insufficient and do not satisfy the *prima facie* elements of that cause of action. In light of the foregoing, defendant's demurrer to the motion for judgment's claims purporting to plead fraud and punitive damages will be sustained.