## CIRCUIT COURT OF FAIRFAX COUNTY

Joseph Corini

v.

SMS Data Products
Group, Inc.

August 18, 1989

Case No. (Law) 89983

By JUDGE ROSEMARIE ANNUNZIATA

The issues to be addressed in this letter opinion are:

(1) Whether the action for fraud in Count III of the Counterclaim filed by defendant, SMS Data Products Group, Inc., is time barred; and

(2) Whether as a matter of law the facts as alleged in the SMS Counterclaim are sufficient on demurrer to sustain its claim for punitive damages.

The material facts of the case from which the issues arose are as follows. On August 22, 1986, the plaintiff Corini requested that defendant SMS Data Products Group, Inc., loan him $50,000.00 for the purchase of a new home located at 820 Towlston Road, McLean, Virginia. At the time Corini made the loan request, SMS alleges he orally promised to repay the loan in December of 1986 upon the sale of his existing residence. Corini admits that he borrowed the money for the purchase of his new home but denies that he agreed to repay the loan upon the sale of his previous home.

On December 29, 1986, Corini sold his home but failed to repay the loan to SMS. In January, 1987, SMS alleges demand was made on Corini to repay the loan as promised with monies he received from the sale of his home, but SMS was told by Corini that he did not have the funds to repay the loan.

Both parties agree that beginning on January 1, 1987, and continuing until Corini's termination from employment with SMS on January 31, 1989, SMS deducted interest on the unpaid balance of the loan from Corini's paycheck at an interest rate of 14% per annum.

To date Corini has made no payments against the $50,000.00 principal of the loan despite continuing SMS demands for repayment. SMS first became aware that Corini did not intend to repay the $50,000.00 loan principal when he denied that he owed SMS $50,000.00 or any interest thereon.

Construing all the allegations of fact in SMS's Counterclaim in its favor as the party against whom the plea in bar is raised and drawing all reasonable inferences from the allegations, Corini's plea in bar must be over-ruled.

An action for fraud accrues at the time the fraud is discovered or when, by the exercise of due diligence, it ought to have been discovered. Code § 8.01-249(1). The issue raised by Corini's plea in bar is when SMS discovered or should have discovered that Corini's promise to repay his loan was made without the intent to perform it.

Corini argues that SMS should have discovered that he did not intend to repay the loan in January, 1987, when he told SMS that he could not repay the loan. Failure of performance, however, is not in itself conclusive evidence that the promise was made with fraudulent intent not to perform. While the failure to perform in December of 1986 and January, 1987 (and thereafter) may be probative, it cannot be said as a matter of law that it is conclusive on the issue of when SMS should have discovered the alleged fraud. When consideration is given to the interest payments Corini permitted to be deducted from his paycheck for more than two years, ending only when his employment with SMS was terminated, identifying the time when his alleged fraudulent intent was discovered, or should have been, becomes even more problematic. Such conduct may be seen

as an acknowledgment of the viability of the loan obligation and an intent to repay.

Ultimately, the issue of fraud and its discovery must be determined on the basis of the facts as developed in a full hearing on the parties' intent over the relevant course of time. *See Gilmore v. Basic Industries,* 233 Va. 485, 490 (1987). The issue cannot be determined as a matter of law at this juncture.

Corini also demurs to the SMS claim for punitive damages; the demurrer is sustained with leave granted to amend.

It is the mental state of the defendant and not merely his conduct which is the basis for an award of punitive damages. *See* K. Redden, *Punitive Damages,* at 48. Absent allegations conveying the requisite malicious mental state which accompanied the misconduct at issue, the basis for a claim of punitive damages may be found wanting. In the instant case, SMS simply claims Corini acted fraudulently in obtaining a loan; fraud in itself is an insufficient predicate for a claim of punitive damages. *Jordan v. Sauve,* 219 Va. 448, 247 S.E.2d 739, 741 (1978); *Sit-Set, A.G. v. Universal Jet Exchange, Inc.,* 747 F.2d 921, 928 (4th Cir. 1984).