## CIRCUIT COURT OF FAIRFAX COUNTY

Sharpe et al.

v.

John Folds et al.

October 22, 1990

Case No. (Chancery) 117569

By JUDGE MICHAEL P. McWEENY

This case is before the Court upon the defendant VMT, Inc.'s Demurrer and defendant Folds's Demurrer. After hearing oral argument, the Court took these matters under advisement. The Court has now had the opportunity to review the memoranda submitted by both counsel. As set forth below, the demurrers of both defendants are overruled.

### *Fraud* (Counts I and II)

Both defendants demur to Counts I and II of the Bill of Complaint on the grounds that there are no allegations of false or fraudulent representations upon which the plaintiffs relied, which could support a claim for actual or constructive fraud.

The plaintiffs contend in the Bill of Complaint that on August 8, 1989, John Folds by and through the corporations, specifically Cumberland (VMT, Inc.), offered a 5% discount on the contract price if the plaintiffs would prepay the amount due. The plaintiffs also allege that the defendants knew they had insufficient assets to pay their bills or build the house per the contract agreement and that the plaintiffs' money would be used

for other purposes than to build the house. The representation was that they could in fact build the house for the Sharpes as set forth in the contracts (paragraphs 19, 21).

A demurrer confesses the truth of the facts alleged and accepts all reasonable inferences therefrom. *Lyons v. Grether*, 218 Va. 630, 631 (1977). The reasonable inference that could be drawn from the plaintiffs' pleadings is that defendant Folds, by and through Cumberland, represented to the plaintiffs as of his August 8, 1989, cash discount offer that he could build the house for the price stated. In fact, he had the present knowledge that he could not do so. This is a sufficient allegation of a false and material representation to support a claim for fraud. The demurrer of both defendants to Counts I and II is overruled.

### *Breach of Contract* (Count III)

Defendant Folds demurs to Count III, claiming that there have been insufficient facts pleaded to support suing him in his individual capacity for breach of contract, either as a party to that contract or on an alter ego theory. Since it is alleged that Folds contracted "by and through" the corporations rather than in his individual capacity, he cannot be sued individually as a party to the contract. Therefore, in order to reach Folds individually, there must be sufficient facts pleaded to support disregarding the corporate entity through the theory of alter ego.

In order to disregard the corporate entity, more must be alleged than control or alter ego. *See In re Nova Real Estate Inv. Trust*, 23 Bankr. 62, 69 (Bankr. E.D. Va. 1982); *Beale v. Kappa Alpha Order*, 192 Va. 382, 396 (1951). There must also be a showing that the control over the corporation was used so as to defraud and wrong the plaintiff. *Beale*, 192 Va. at 396; *see also Cheatle v. Rudd's Swimming Supply*, 234 Va. 207, 212 (1987). Additionally, there must be shown an element of unjust loss or injury. *Beale*, 192 Va. at 396; *In re Criswell*, 52 Bankr. 184, 194 (Bankr. E.D. Va. 1985). The conclusion to disregard the corporate entity thus may not rest on a single factor. It must involve a number of factors, such as fraud, insol-

vency of the debtor corporation, that the corporation is merely a facade for the operations of the dominant shareholder, and injustice or fundamental unfairness. *Criswell*, 52 Bankr. at 194.

Plaintiffs have pleaded sufficient factors to support a cause of action based on the alter ego theory on Demurrer. In paragraph 5 of the Bill of Complaint, it is alleged that Folds controlled the corporations for his own benefit, and that both corporations were his alter ego. Furthermore, since Count III incorporates the fraud claims, that additional element is present in the Breach of Contract claim. Unjust loss is shown through the allegations of damages sustained through reliance on false representations. The insolvency of Cumberland of Virginia is alleged in paragraphs 9 and 10, and a siphoning of the corporation's funds by Folds for his personal obligations is alleged in paragraphs 15 and 16. Based on the foregoing, the demurrer of defendant Folds is overruled as to the alter ego theory.

Defendant VMT, Inc., also demurs to Count III, on the grounds that plaintiffs have not adequately alleged that it is a party to the contract or the alter ego of Cumberland of Virginia. The Bill of Complaint does not allege that VMT, Inc., is the alter ego of Cumberland of Virginia; rather, it alleges that VMT, Inc., is an alter ego of Folds. (Paragraph 5). Hence, in order to reach VMT, Inc., for breach of contract, it must be alleged that VMT, Inc., was a party to the contract.

The plaintiffs state that the March 31 contract was between Cumberland of Virginia and the Sharpes. The plaintiffs further allege that the May 12 change order and August 8 five percent discount offer were made by Cumberland (VMT, Inc.). The May 12th document attached to the Bill of Complaint refers to the original March 31 contract and is allegedly signed by Cumberland.

Therefore, it appears from the facts pleaded that VMT, Inc., was a party to the contract, for the purposes of this demurrer. A demurrer tests only the sufficiency of the pleadings. It will be overruled if the pleadings state the essential elements of a cause of action; the test is *not* whether evidence might be adduced to defeat it. *Lyons*, 218 Va. at 633. The demurrer is overruled on this point.

### *Punitive Damages* (Count IV)

Both defendants demur to the Bill of Complaint on the grounds that no facts have been alleged which support the claim for punitive damages in Count IV. Since Count IV incorporates the allegations made in Count I, the punitive damages are being sought as to the actual fraud claim.

In an action alleging fraud, punitive damages are recoverable where there is a showing of actual or express malice or that the defendant's conduct was so reckless or negligent as to evince a conscious disregard of the plaintiff's rights. *Jordan v. Suave and Koons*, 219 Va. 448, 452, 453 (1978). The plaintiff has, in paragraph 31 of his Bill of Complaint, adequately alleged for purposes of demurrer that there was malice, wantonness, reckless negligence and a conscious disregard such as to support his claim for punitive damages. Therefore, the demurrer is overruled as to this Count.

### *Equity and Law*

The defendant's argument is well taken that this action should be at law and not in equity. Even though the plaintiffs here ask for rescission, which is an equitable remedy, they are seeking legal damages rather than a return to the status quo. *See Carter Coal Co. v. Litz*, 54 F. Supp. 115, 124 (W.D. Va. 1943), *aff'd* 140 F.2d 934 (4th Cir. 1944). If the plaintiff merely desires to recover a judgment for the purchase price already paid or for damages occasioned by the fraud, an action at law for a money judgment is appropriate. *Id.* Since the measure of damages is ascertainable from the Bill of Complaint, the plaintiff here is not seeking an equitable remedy.

However, the proper remedy for bringing an action on the wrong side of the Court is a transfer under Va. Code Section 8.01-270, not a dismissal. Thus, the action should be shifted from the equity side to the law side of the court.

Since plaintiffs' petition states a cause of action for which relief can be granted, taking their allegations set forth to be true, the Demurrer is overruled.