## CIRCUIT COURT OF FAIRFAX COUNTY

Krisnathevin

v.

Five-Star Properties, Inc., et al.

April 16, 1991

Case No. (Law) 102094

By JUDGE MICHAEL P. McWEENY

This matter is before the Court on defendants Five Star Properties, Inc., Elsie Meyer and Virginia Bittick's Plea in Bar and Demurrer, and on defendants Juliana Campagna and Joseph F. Campagna's Demurrer. After hearing oral argument, the Court took the case under advisement. The Court has now had the opportunity to review the briefs submitted and authorities cited. For the reasons set forth below, the Plea in Bar is denied and the Demurrers are overruled.

### 1. *Statute of Limitations*

All defendants raised the statute of limitations issue: the Campagnas by demurrer and Five Star, Meyer, and Bittick by Plea in Bar. As a preliminary matter, the Court notes that the defense that the statutory limitations period has expired cannot be set up on demurrer. Code Section 8.01-235. For the purposes of this motion, however, the Court will treat that paragraph raising the statute of limitations issue in the Campagnas demurrer as a Plea

in Bar. Turning to the merits of the issue, the Court finds that it cannot rule as a matter of law that it appears from the face of the Motion for Judgment the statutory period has expired.

Every action for damages resulting from fraud must be brought within two years after the cause of action accrues. Code § 8.01-243(A). A cause of action for fraud accrues when the fraud is discovered or by the exercise of due diligence reasonably should have been discouraged. Code § 8.01-249(1). Whether due diligence has been exercised must be ascertained by an examination of the facts and circumstances unique to each case. *STB Marketing Corp. v. Zolfaqhari*, 240 Va. 140, 145 (1990).

That the zoning in the present case was a matter of public record is not dispositive of the issue of due diligence. A party is not necessarily charged with knowledge of a matter of public record if that matter has been misrepresented to him. *See Boykin v. Hermitage Realty*, 234 Va. 26, 30 (1987) (even though a community development plan is a matter of public record, the vendor of real estate who procured the sale by fraudulent representations may not invoke the doctrine of *caveat emptor*). Hence, in the present case, there remain factual issues to be resolved before the Court can rule on the statute of limitations issue, and it does not appear on this pleading that due diligence was not exercised.

## 2. *Reliance*

All defendants demur to the Motion for Judgment on the basis that there can be no reliance. Five Star, Bittick and Meyer raise the doctrine of *caveat emptor*, and all defendants cite the plaintiff's independent investigation. The Court finds that on this pleading, at the demurrer stage, neither ground bars the continuance of the action.

The doctrine of *caveat emptor* provides, *inter alia*, that a buyer is under a duty to ascertain the true facts of a matter where the means of knowledge are equally available to both parties. *See, Kuczmanski v. Gill*, 25 Va. 367, 369 (1983); *Horner v. Ahern*, 207 Va. 860, 864 (1967). There is an exception to this rule; namely, the doctrine of *caveat emptor* affords no protection to a seller who makes

false representations of a material fact, constituting an inducement to the contract, on which the buyer had a right to rely. *Boykin*, 234 Va. at 30. In the present case, it can be inferred from the pleading that the exception to the rule may be applicable. Therefore, the doctrine of *caveat emptor* is not a basis to sustain the demurrer.

The investigation conducted by the plaintiff also is not a bar at this stage in the pleadings. One who seeks to hold another in fraud must clearly show that he relied upon the acts and statements of the other, and he must be held not to have so relied when it appears that he has made his own investigation, whether complete or not, into the subject matter at hand. *Piedmont Trust Bank v. Aetna*, 210 Va. 396, 400 (1969). In the present case, it can be inferred that the plaintiff had a *contract* reviewed by a real estate attorney. The pleading does not provide the necessary inference that he investigated the subject matter of zoning itself. Hence, the allegations of reliance in the Motion for Judgment are sufficient to pass the demurrer stage.

### 3. *Punitive Damages*

The Campagnas also demur to the claim for punitive damages. The plaintiff has alleged, in paragraph 46, willfulness, malice and bad faith in support of this claim. In an action alleging fraud, punitive damages are recoverable where there is a showing of actual or express malice or that the defendants' conduct was so reckless or negligent as to evince a conscious disregard of the plaintiff's rights. *See, Jordan v. Suave and Koons*, 219 Va. 448, 453 (1978). A demurrer does not reach the merits of a claim but merely tests the legal sufficiency of the pleading. It admits the truth of all facts that are properly pleaded. *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985). The plaintiff has adequately alleged malice for purposes of demurrer.

### 4. *Misrepresentation of a Material Fact and Intended Use of the Property*

The Campagnas also demur on the basis that there is not alleged a misrepresentation of a material fact

by them. They first contend that they had no duty to inform the buyers of matters contained in public records, based on *caveat emptor*. However, concealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud. *Allen Realty Corp. v. Holbert*, 227 Va. 441, 450 (1984). Such concealment is as much fraud as if the existence of the fact were expressly denied or the reverse of it expressly stated. *Clay v. Butler*, 132 Va. 464, 474 (1922). Also, as previously noted, *caveat emptor* may not be applicable in the present case. *See Boykin*, 234 Va. at 30. The Motion for Judgment alleges that the Campagnas knew of the zoning misrepresentations allegedly made by defendant Meyer to the plaintiff. It can be inferred from this that the Campagnas fraudulently concealed the true zoning of the property in that they knew the plaintiff was acting on the assumption that the zoning was commercial.

The Campagnas next contend that a zoning classification of property does not constitute a material fact, as a zoning restriction is not an encumbrance on the land. It is inferable from the Motion for Judgment that the commercial zoning was in fact material to the plaintiff. In paragraph 19, the plaintiff alleges that he entered into the contract with the purpose of profitably selling the property for commercial purposes after one year. Just because zoning is not a legal encumbrance on land does not mean it was immaterial to this plaintiff. The Campagnas' newspaper articles to the contrary attached to their demurrer is not evidence that can be considered on demurrer. A trial court is confined to the facts alleged when analyzing the pleading on demurrer; no consideration properly can be given to additional facts that may be asserted on brief or during oral argument. *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 239-40 (1989).

### 5. *The Selling Price*

The Campagnas also demur on the basis that the selling price established during an arms length deal cannot constitute fraud. This, again, raises issues of fact that are not appropriate for consideration on demurrer. A demurrer admits the truth of all material facts that are properly pleaded. *Elliott*, 238 Va. at 240. The plaintiff has alleged

that the price they paid was in excess of the actual assessed value of the property. The factual dispute as to the fair value of this property is not properly raised by demurrer.

For the reasons set forth above, the Plea in Bar is denied and the Demurrers are overruled.