## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Robert Rice et al.

v.

Safford Dodge, Inc., et al.

November 19, 1997

Case No. CL96-212

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this fraud case, the defendant moves for partial summary judgment with regard to the plaintiffs' claim for punitive damages.

### Facts

Mr. and Mrs. Rice purchased a Dodge Neon from Safford Dodge in January of 1996. They allege that they were defrauded because the car was not a demonstrator, as they had been led to believe, but was a previously-sold vehicle that had been wrecked and repaired.

In their motion for judgment, the Rices contend that Safford Dodge committed common law fraud and violated the Virginia Consumer Protection Act. They seek compensatory and punitive damages. (They have abandoned a claim based on revocation of acceptance under Virginia Code § 8.2-608). The case is scheduled for trial with a jury on December 8, 1997.

On November 17, 1997, counsel appeared on the defendant's motion for partial summary judgment. In short, Safford Dodge seeks dismissal of the Rices' claim for punitive damages in the common law fraud count. (Count I, paragraph 27.)

### Proof Necessary for Punitive Damages

In *Jordan v. Sauve*, 219 Va. 448 (1978), the Supreme Court held that punitive damages may be recovered in an action based on fraud "only if there

is proof, either direct or circumstantial, showing *actual malice*." (Emphasis added.)

Actual malice is more than legal malice. As defined by the Court, actual malice is established by showing that the actor was prompted by "ill will, malevolence, grudge, spite, wicked intention, or a conscious disregard of the rights of another." See also 8B M.J., *Fraud and Deceit*, § 70.

The question then is whether the Rices' pleading is sufficient to permit them to go forward in an attempt to prove that Safford Dodge (through its employee) acted wantonly, oppressively, or with such malice as to evince a spirit of mischief or criminal indifference to civil obligations.

Paragraph 27 of the motion for judgment alleges that the fraudulent acts specified in the preceding paragraphs were "intentional, willful, reckless, grossly negligent, and in callous disregard of Rices' rights." Although "reckless" and "grossly negligent" do not, by themselves, constitute actual malice, the court is of the opinion the other descriptive words are apt, and that taken as a whole, the pleading sufficiently alleges actual malice.

Further, Safford Dodge points to the Rices' responses to three written interrogatories. Those interrogatories pointedly asked the Rices to explain the basis of their claim that the Safford Dodge employee was motivated by actual malice when he engaged in the allegedly fraudulent conduct. The answers are weak, vague, and conclusory.

In Virginia, summary judgment cannot be entered if any material question of fact is in dispute. Rule 3:18, see Bryson, *Virginia Civil Procedure* (3d ed. 1997), p. 268. The Rices have alleged facts and circumstances sufficient to allow them to proceed to trial on their claim of common law fraud, which includes a prayer for punitive damages. Undoubtedly, this issue is genuinely in dispute. The fact that the Rices did not phrase their responses to interrogatories with precision by tracking the language in *Jordan v. Sauve* does not remove that aspect of their claim from the category of "material facts genuinely in dispute" that must survive a motion for summary judgment.

It may well be that if the evidence at trial rises no higher than the Rices' answers to the interrogatories, their claim for punitive damages would not survive a motion to strike. That will be a question of proof, not pleadings or phraseology in discovery answers.

Therefore, the motion for partial summary judgment must be denied.