# CIRCUIT COURT OF FAIRFAX COUNTY

Vernetta Hygh

v.

Geneva Enterprises, Inc.,
and Beltran

December 29, 1997

Case No. (Law) 163326

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on Geneva Enterprises, Inc.'s Demurrer and Plea in Bar to all five Counts of Vernetta Hygh's Motion for Judgment: Count 1 (Wrongful Discharge), Count II (Intentional Infliction of Emotional Distress), Count III (Battery), Count IV (Assault), and Count V (Respondeat Superior). Defendant also demurs to Plaintiff's claim for punitive damages. The issues before the Court are as follows:

(1) Whether a claim for wrongful constructive discharge exists in Virginia? If constructive discharge does exist, has Plaintiff alleged sufficient facts to state a claim?

(2) Whether Plaintiff's Motion for Judgment establishes a factual basis for vicarious liability, rendering Defendant liable for the tortious acts of its employee?

(3) Whether Plaintiff's claim for intentional infliction of emotional distress alleges sufficient facts to satisfy the four requirements for the tort as stated in *Womack v. Eldridge*, 215 Va. 338, 342 (1974)?

(4) Whether Plaintiff's exclusive remedy for the alleged tortious conduct lies under the Virginia Workers' Compensation Act?

(5) Whether Plaintiff has pleaded sufficient facts to entitle her to punitive damages?

After consideration of the parties arguments, written memoranda, and authorities cited therein, the Court sustains Defendant's Demurrer and Plea in Bar to Count I, Constructive Discharge, and overrules Defendant's Demurrer and Plea in Bar to Counts II through V and the prayer for punitive damages. The Defendant's Demurrer and Plea in Bar is sustained and overruled for the reasons that follow.

### Demurrer Standard

A demurrer tests the sufficiency of the allegations as set forth in a motion for judgment to determine if they adequately give notice of a claim cognizable under Virginia law. The merits of a case are not reviewable at a demurrer stage. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993). "A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which can be fairly viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Id* at 24.

### Facts

On November 9, 1995, Plaintiff began employment at Geneva Enterprises, Inc., a car dealership, (Defendant) as a receptionist. Plaintiff was supervised by Defendant's general sales manager, Mr. Beltran, a co-defendant in this case. During the course of Plaintiff's employment, Mr. Beltran continually subjected Plaintiff to sexually suggestive, harassing comments and acts.

In mid-August 1996, Plaintiff purchased a car from Defendant. Mr. Beltran handles employee-related automobile purchase and assisted Plaintiff in her car deal. Later in the month, on August 23, 1996, during work hours and upon Mr. Beltran's suggestion, Plaintiff and Mr. Beltran drove to a nearby record store to purchase a compact disc for use in Plaintiff's new car. After leaving the record store, rather than returning directly to the showroom, Mr. Beltran drove to a secluded spot behind a parking garage. In this secluded area, Mr. Beltran attempted to force Plaintiff to perform a sex act on him against her will. A few days later, Plaintiff resigned from her job at Defendant's car dealership.

In the fall of 1996, Mr. Beltran was charged with forcible sodomy against the Plaintiff. On January 7, 1997, Mr. Beltran pleaded guilty to one count of sexual battery against Plaintiff. Thereafter, Plaintiff filed this civil action against Defendant and Mr. Beltran alleging wrongful constructive discharge,

intentional infliction of emotional distress, battery, and assault. Defendant filed a Demurrer and Plea in Bar to Plaintiff's whole cause of action.

## I. *Constructive Discharge*

Plaintiff claims that Mr. Beltran's inappropriate sexual comments and acts compelled her to resign from her job. Defendant responds that Virginia does not recognize a claim for wrongful constructive discharge. Defendant states that even assuming that such a cause of action exists, Plaintiff's theory for wrongful constructive discharge rests on the Commonwealth's public policy against gender discrimination which does not include sexual harassment. Defendant asserts that Plaintiff does not have an employment discrimination claim for the following reasons: (1) Plaintiff voluntarily terminated her job; (2) Plaintiff does not have a private cause of action under the Virginia Human Rights Act; and (3) Plaintiff's claim for sexual harassment is distinct from sexual discrimination.

Plaintiff responds that Virginia does recognize a claim for wrongful constructive discharge. Plaintiff states that the Virginia Supreme Court recognized an exception to the employment at-will doctrine based on violations of public policy including gender discrimination. Plaintiff asserts that sexually harassing acts based on sex are included in the public policy exception for gender discrimination.

In *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), The Virginia Supreme Court recognized an exception to the employment at-will doctrine when an employer's discharge of an employee would violate an established Virginia public policy. The Court held that an employee's discharge in violation of public policy gives rise to a cause of action for wrongful discharge. The exception to the employment at-will doctrine was revisited in *Lockhart v. Commonwealth Educ. Sys. Corp.*, 247 Va. 98 (1994). In *Lockhart*, the Court held that an employee discharge violated the public policy set forth in Va. Code § 2.1-715, Virginia Human Rights Act, when the discharge was based on race or gender discrimination.

However, recently, in *Doss v. Jamco, Inc.*, 254 Va. 362 (1997), the Virginia Supreme Court ruled that the Virginia Human Rights Act does not allow a common law cause of action for wrongful termination. The Virginia Supreme Court's holding precludes wrongful discharge actions based solely on the public policies expressed in the Virginia Human Rights Act. In *Doss*, the Virginia Supreme Court stated that the General Assembly's addition of subsection D to Va. Code § 2.1-725 in 1995, plainly manifested its intention to alter the common law rule with respect to "causes of action based upon the

public policies reflected in the Act." The General Assembly altered the common law rule by providing that such causes of action "shall be exclusively limited to those actions, procedures and remedies, if any, afforded by the applicable federal or state civil rights statutes or local ordinances." Va. Code § 2.1-725(D).

Plaintiff's wrongful discharge claim is based on the public policy against gender discrimination which is articulated not only in the Virginia Human Rights Act, but also in the Fairfax County Human Rights Ordinance ("Ordinance"), Chapter 11, Section 11-1-1 *et seq.*, of the County Code. The Ordinance provides: "it is ... the policy of the County to ensure that all persons be afforded equal opportunity to participate, on the basis of personal merit, in ... economic and other phases of human life free from any discrimination." Additionally, the Ordinance states that "it shall be unlawful for an employer on the basis of sex ... to discharge an employee." Plaintiff's Motion for Judgment at ¶ 70-71. However, under Va. Code § 2.1-725(D), Plaintiff is exclusively limited to the procedures and remedies afforded under the local ordinance. Under the Ordinance, when a violation occurs, a complaint is filed with the County of Fairfax Human Rights Commission ("Commission"). Thereafter, if the Executive Director determines that there are reasonable grounds to believe a violation occurred, the matter will be addressed by a conciliation conference or by a Commission hearing. Fairfax County, Va., Code § 11-1-12(b)(2) (Supp. 1991). The Ordinance's procedures are not the exclusive remedy for redress of a violation under the Ordinance. "Any person ... may bring an appropriate action in a court of competent jurisdiction to seek damages ... arising out of any act prohibited herein as provide for by any applicable law." Fairfax County, Va., Code § 11-1-19 (Supp. 1991). As there is no applicable state law to redress Plaintiff's claim, the Plaintiff has no remedy in the state court as a result of the violation of this Ordinance. The Court holds that Plaintiff has failed to plead a cause of action for wrongful constructive discharge. Therefore, Defendant's Demurrer to Count I, Constructive Discharge, is sustained. Plaintiff is granted leave to amend Count I if Plaintiff is so inclined.

## II. *Intentional Torts*

### A. *Respondeat Superior*

Defendant asserts that Plaintiff's intentional tort claims fail to state a factual basis for vicarious liability. Defendant states that an employer is liable for his employee's tortious acts committed within the scope of employment.

*Plummer v. Center Psychiatrists, Ltd.,* 252 Va. 233, 235 (1996). Defendant claims that Plaintiff only pleads with particularity the forcible sodomy, which took place outside the scope of employment. Additionally, Defendant alleges that there were no facts pleaded suggesting Defendant knew its employees were committing these acts.

Plaintiff responds that the acts complained of, including the forcible sodomy, were committed within the scope of employment. Plaintiff asserts that the sexual assault occurred while Beltran was acting in a supervisory capacity over Plaintiff.

In *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 72 (1986), the United States Supreme Court declined to issue a definitive ruling on employer liability, but agreed with the Equal Employment Opportunity Commission that Congress wanted the courts to examine agency principles. The Court in *Meritor* did hold that employers are not automatically liable for sexual harassment by their supervisors. *Id.* at 72. For the same reason, the Court in *Meritor* found that absence of notice to an employer did not necessarily insulate the employer from liability.

In *Plummer,* The Virginia Supreme Court stated that "[a]n employer is liable for the tortious acts of his employee if the employee was performing his employer's business and acting within the scope of employment when the tortious acts were committed." *Plummer* at 235. The burden is on the employer to prove that the employee was not acting within the scope of employment. If the evidence leaves the question in doubt, the issue should be determined by the jury. *Id.* at 235. In *Plummer,* the Court held that whether a psychologist who had sexual intercourse with his patient, purely for personal motives, may have been acting within the scope of employment was a question for the jury. *Id.* at 237.

Plaintiff Hygh has alleged that Mr. Beltran was acting in his supervisory capacity when he harassed and assaulted her. Given that an employer can be held liable for an employee's tortious acts even if the employee's motive was personal, the Defendant may be liable if there is a finding that Mr. Beltran was acting in the scope of employment. As the evidence is conflicting regarding the scope of employment, this issue should be decided by the jury. Defendant's Demurrer to Count V (Respondeat Superior) is overruled as this issue is for the jury. Likewise, because the battery and assault claims are tied to the respondeat superior claim, the Plaintiff's assault and battery claims survive demurrer. Therefore, Defendant's Demurrer to Counts II (Battery) and III (Assault) are overruled.

B. *Intentional Infliction of Emotional Distress ("IIED")*

In *Womack v. Eldridge*, 215 Va. 338, 342 (1974), the Supreme Court of Virginia required four elements to be satisfied to show IIED. IIED requires that: (1) the wrongdoer's conduct was intentional or reckless: (2) the conduct was outrageous and intolerable: (3) the wrongdoer's conduct caused the emotional distress; and (4) the emotional distress was severe. *Id.* at 342.

Defendant contends that Plaintiff fails to plead the four elements that demonstrate IIED. Defendant asserts that Plaintiff does not allege the required elements of intentional conduct, a nexus between Defendant's conduct and the emotional distress, nor the severity of the distress.

Plaintiff responds that her claim satisfies the elements of IIED. Plaintiff alleges that the only element in question is whether the emotional distress was severe. Further, Plaintiff has alleged with considerable specificity that Defendant forcibly assaulted her by grabbing her head and forcing her to commit a sex act. Plaintiff's Motion for Judgment at ¶¶ 51, 52, 53 and Va. Code § 18.2-361 (forcible sodomy is a Class 6 felony). Plaintiff states that she has alleged "objectively verifiable evidence" of her distress including, but not limited to, inability to return to work or college and consultation with mental health care professionals.

The Court holds that Plaintiff's allegation of a sexual assault states a claim that is sufficient with regard to the first three elements of the tort. As to the fourth element, severe emotional distress, the Supreme Court of Virginia in *Russo v. White*, 241 Va. 23, 28 (1991), required that the Plaintiff allege an objective physical injury caused by the stress, that she sought medical attention, that she had been confined to her home or the hospital, or that she had lost income. In *Russo*, the Plaintiff went on a single date with the Defendant and did not thereafter date him again. Subsequently, Plaintiff received 340 hang-up calls from Defendant during a two-month period. Plaintiff alleged that as a proximate result of this conduct, she experienced "nervousness, sleeplessness, stress and its physical symptoms, withdrawal from activities, and lack of concentration at work." *Id.* at 25. The Court held that Plaintiff's distress was not the type of severe emotional distress that no reasonable person could be expected to endure. *Id.* at 28. Therefore, the Court held that Plaintiff had no claim for IIED.

Plaintiff Hygh has alleged that she was sexually assaulted and suffered severe mental anguish and injuries. She alleges that as a result of the injuries, she could not work or study and was required to consult with mental health care professionals. The Court holds that a victim of sexual assault experiences trauma which greatly differs from that suffered by the Plaintiff in *Russo*. The

Court concludes that Plaintiff, an alleged victim of sexual assault, need not plead with graphic specificity any additional objective physical injury. The victim of a sexual assault clearly experiences severe emotional distress that no reasonable person could be expected to endure. Therefore, the Defendant's Demurrer is overruled as to Count II (IIED).

## C. *Workers' Compensation*

Defendant asserts that workers' compensation is the sole remedy for an employee claiming damage due to the conduct of a co-worker. Va. Code § 65.2-307. Plaintiff asserts that the Virginia Workers' Compensation Act ("Act") states that an employee may obtain benefits under the Act where "the nature of the employment substantially increases the risk of such assault." Plaintiff asserts that working at a car dealership cannot be said to substantially increase the chance of a sexual assault. Also, Plaintiff states that she is not restricted by the Act in that injuries that occur over a period of time are not "injuries by accident" within the Act. *Middlekauff v. Allstate Ins. Co.*, 247 Va. 150 (1994).

In *Middlekauff*, the Plaintiff alleged that her supervisor singled her out for harassment and verbal abuse. Plaintiff alleged a gradually incurred injury caused by cumulative events. The Supreme Court of Virginia held that injuries incurred over a period of time were not "injuries by accident" within the meaning of the Act. Va. Code § 65.2-100, *et seq.* Therefore, a separate cause of action for these injuries exists outside the Act. As Plaintiff Hygh's injuries were allegedly incurred over a period of time, the Court holds that Plaintiff's remedy is not exclusively limited to the Act. Va. Code § 65.2-307.

Furthermore, defendant cites Va. Code § 65.2-301(A) of the Act as a possible remedy for Plaintiff's injury. Under Va. Code § 65.2-301(A), an employee who is sexually assaulted may obtain workers' compensation benefits where the nature of such employment substantially increases the risk of such assault. Working at a car dealership as a receptionist does not substantially increase the risk of assault. Therefore, Plaintiff's remedy is not restricted to this section of the Act.

Plaintiff's claims against Defendant are not within the exclusive jurisdiction of the Act. Consequently, Defendant's Demurrer and Plea in Bar are overruled.

### III. *Punitive Damages*

Defendant states that punitive damages are only allowed in the most egregious circumstances. Also, Defendant asserts that an employer cannot be held liable for punitive damages for acts of an employee unless the employee did something warranting punitives or his act was previously authorized or subsequently ratified by the employer.

Plaintiff responds that sexual assault is the kind of malicious conduct which evinces a conscious disregard for her rights. Plaintiff states that recent case law does not require that an employee's acts need to be previously authorized or subsequently ratified by the employer to claim punitives.

Punitive damages are allowed only "where there is misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others." *Baker v. Marcus*, 201 Va. 905 (1960). Plaintiff Hygh has alleged that her supervisor forced her to commit a sex act against her will after numerous prior incidents of sexual harassment. Plaintiff also alleges that Defendant was aware of the sexual harassment in the workplace. The Court concludes that the facts pleaded by the Plaintiff are sufficient at the demurrer stage to show a conscious disregard for Plaintiff's rights. Therefore, Defendant's Demurrer to the prayer for punitive damages is overruled.

Furthermore, Plaintiff's prayer for punitive damages against different defendants which, taken together, exceeds the statutory cap of $350,000 is permitted. Va. Code § 8.01-38.1.