## CIRCUIT COURT OF THE CITY OF NORFOLK

Kimberly A. M. Abney

v.

Nevin Wimer
and J. C. Penney Co., Inc.

June 3, 2002

Case No. (Law) CH01-2865

By Judge Charles D. Griffith, Jr.

On November 14, 2001, Plaintiff Kimberly Abney filed a Motion for Judgment in which she moved for damages against Defendants Nevin Wimer and J. C. Penney Co., Inc. (J. C. Penney). In her Motion, Plaintiff alleges assault (two counts), false imprisonment (two counts), malicious prosecution (two counts), intentional infliction of emotional distress (two counts), negligence (two counts), and vicarious liability, resulting from an alleged incident that occurred at her former place of employment, a J. C. Penney department store, on or about April 29, 2000. On December 11, 2001, Defendants Wimer and J. C. Penney filed a Demurrer and Grounds of Defense, as well as a Special Plea of the Exclusivity Provisions of the Workers' Compensation Statute. Defendants' Special Plea is the subject of this Opinion.

The relevant facts, as alleged in Plaintiff's Motion for Judgment, are as follows. Until on or about April 29, 2000, Defendant J. C. Penney employed Plaintiff as a hair stylist. Mot. for J., ¶ 3. On or about April 29, 2000, Plaintiff alleges that she went to the office of her supervisor "to discuss a work-related issue," and this meeting culminated in the termination of Plaintiff's employment. *Id.*, ¶¶ 4-5. The supervisor then enlisted the aid of Defendant Wimer in requesting that Plaintiff leave the premises. *Id.*, ¶ 8. Plaintiff claims

that Defendant Wimer assaulted her and "forcibly lifted her up and out of the chair and intentionally threw [her] to the floor causing Plaintiff to break three bones in her right foot" and committed other acts resulting in physical injuries. *Id.*, ¶¶ 13-15; 38-40. Plaintiff also claims that she suffered emotional distress as a result of Defendant Wimer's alleged actions. *Id.*, ¶¶ 27-30; 48-30 [sic].

In their Special Plea, Defendants claim that the exclusivity provisions of the Virginia Workers' Compensation Act bar Plaintiff's claims. Defendants allege that, because Plaintiff was injured by accident arising out of her employment with Defendant J. C. Penney, Defendants are immune from liability, and this Court lacks subject matter jurisdiction. Special Plea at 1.

The Code of Virginia provides that:

> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

Va. Code Ann. § 65.2-307 (Michie Supp. 2001). This section bars recovery through common law causes of action when the Virginia Workers' Compensation Act covers employees' injuries. In Virginia, a compensable injury is "only injury by accident arising out of and in the course of employment." Va. Code Ann. § 65.2-101(m) (Michie Supp. 2001). As such, to be covered under the Virginia Workers' Compensation Act, Plaintiff's injury must have been (1) an injury by accident; (2) arising out of her employment; and (3) arising in the course of her employment. *E.g. Combs v. Virginia Elec. & Power Co.*, 259 Va. 503, 508, 525 S.E.2d 278, 281 (2000).

The first inquiry that must be made in determining whether Plaintiff's action is barred by Virginia Code § 65.2-307 is whether Plaintiff suffered an injury by accident. An injury is "by accident" when it (1) "appeared suddenly at a particular time and place and upon a particular occasion, (2) that it was caused by an identifiable incident or sudden precipitating event, and (3) that it resulted in an obvious mechanical or structural change in the human body." *Southern Express v. Green*, 257 Va. 181, 187, 509 S.E.2d 836, 839 (1999). An injury is considered to be "by accident" if all of these conditions are satisfied, even if the injury was the result of a willful and/or intentional tort committed by the injured employee's employer or a fellow employee. *Haddon*

*v. Metropolitan Life Ins. Co.*, 239 Va. 397, 399, 389 S.E.2d 712, 714 (1990)[1] (citing *Hopson v. Hungerford Coal Co., Inc.*, 187 Va. 299, 46 S.E.2d 392 (1948); *A. N. Campbell & Co. v. Messenger*, 171 Va. 374, 199 S.E. 511 (1948); *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 172 S.E. 264 (1934)). Emotional injuries are also compensable if they satisfy the aforementioned "injury by accident" criteria. *See Middlekauff v. Allstate Ins. Co.*, 247 Va. 150, 439 S.E.2d 394 (1994) (holding that "gradually incurred" emotional distress was not an injury by accident).

In the instant case, all of the injuries alleged by Plaintiff resulted from alleged events occurring at a particular time or place, as opposed to gradually incurred cumulative injuries. According to Plaintiff's own pleading, her alleged injuries resulted from an alleged assault by Defendant Wimer, a fellow employee, occurring on the premises of her employer, Defendant J. C. Penney, on or about April 29, 2000. Mot. for J. *passim*. Plaintiff claims that, at this time and place, Defendant Wimer caused her physical and emotional injuries. *Id.* ¶¶ 13-15; 27-30; 38-40; 48-30 [sic]. Plaintiff's alleged injuries resulted from Defendant Wimer's alleged acts at that particular time and place and upon a particular occasion; they were caused by an identifiable incident or sudden precipitating event; and they resulted in an obvious mechanical or structural change in her body. *Id.* As such, the first condition for workers' compensation exclusivity is satisfied, for Plaintiff's injuries were "by accident."

The Court determines next whether Plaintiff's alleged injuries arose out of her employment. This requirement "refers to causation, only incidentally related to considerations of time and space, and must be satisfied by a showing of causal connection between work and injury." *Graybeal v. Board of Supervisors*, 216 Va. 77, 80, 216 S.E.2d 52, 54 (1975). More specifically:

> [a]n injury arises out of the employment "when there is apparent to the rational mind upon consideration of all circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of

---

[1] The Court recognizes that *Haddon* was overruled in part by *Middlekauff v. Allstate Ins. Co.*, 247 Va. 150, 439 S.E.2d 394 (1994), and *Lichtman v. Knouf*, 248 Va. 138, 445 S.E.2d 114 (1994). However, neither case was based on the grounds upon which *Haddon* is cited in this Opinion, and the Court is persuaded by its reasoning.

the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

*Baggett Transp. Co. of Birmingham v. Dillon*, 219 Va. 633, 637-38, 248 S.E.2d 819 (1978) (citations omitted). Additionally, the words "arising out of the employment" should be liberally construed to carry out the purposes of the Virginia Workers' Compensation Act. *Brown v. Reed*, 209 Va. 562, 564, 165 S.E.2d 394, 396 (1969).

In the instant case, all of the events allegedly resulting in Plaintiff's injuries were work-related. According to Plaintiff, on the day her injuries allegedly occurred, she "went into the office of her immediate supervisor in the hair salon *to discuss a work-related issue.*" Mot. for J., ¶ 4 (emphasis added). "The exchange became bitter and culminated in the supervisor's suggesting that [Plaintiff's] employment as a stylist be terminated." *Id.*, ¶ 5. After Plaintiff's employment was allegedly terminated, the supervisor and Defendant Wimer allegedly requested that Plaintiff leave Defendant J. C. Penney's premises. *Id.*, ¶ 6. After Plaintiff allegedly refused to sign and return a document, she alleged that she was assaulted by Defendant Wimer, resulting in physical and emotional injuries. *Id.*, ¶ 10; 13-15; 27-30; 38-40; 48-30 [sic]. Every event in this scenario, the Plaintiff's going into her supervisor's office to discuss a work-related matter, the termination, and the requests that Plaintiff depart from the premises, was work-related and, therefore, arose out of her employment. Even the alleged assault arose out of Plaintiff's employment, for it involved a work-related matter. Upon consideration of all circumstances, the Court finds that a causal connection exists between Plaintiff's employment with Defendant J. C. Penney and the alleged injuries she suffered on the date of termination. Therefore, the second condition for workers' compensation exclusivity is satisfied, for Plaintiff's injuries "arose out of her employment" with Defendant J. C. Penney.

As with the second requirement, the "in the course of the employment" language should be liberally construed to carry out the purposes of the Virginia

Workers' Compensation Act. *Brown*, 209 Va. at 564, 165 S.E.2d at 396 (1969). However, "[t]he expressions 'arising out of' and 'in the course of' are not synonymous and are used conjunctively; both conditions must be present before compensation will be awarded." *Id.; see also Baggett*, 219 Va. at 637, 248 S.E.2d at 822. As such, a separate analysis is required to determine whether Plaintiff's alleged injuries arose in the course of her employment.

"Arising out of the course of employment" refers to the time, place, and circumstances of the injury by accident. *Graybeal*, 216 Va. at 80, 216 S.E.2d at 54. "An accident occurs in the 'course of employment' when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." *Conner v. Bragg*, 203 Va. 204, 208, 123 S.E.2d 393, 397 (1962). Furthermore, "[b]ecause there is no such thing as an 'instantaneous exit' from a place of employment, 'in the course of employment' includes a reasonable margin of time and space necessary to enter and exit the workplace." *Sutter v. First Union Nat'l Bank*, 932 F. Supp. 753, 759 (E.D. Va. 1996) (citing *Brown*, 209 Va. at 568, 165 S.E.2d at 399).

In the instant case, the alleged injuries occurred at Plaintiff's place of employment, during working hours, in circumstances involving her employment. As was discussed above, the events resulting in this cause of action began when Plaintiff went to the office of her supervisor to discuss a work-related matter. Mot. for J., ¶ 4. This occurred within Plaintiff's period of employment with Defendant J. C. Penney, and she was at her workplace, where she was expected to be during working hours, at the time the alleged incident occurred, in circumstances surrounding her employment. Speaking to a supervisor about a work-related issue is certainly part of one's job duties, and, although termination may be unfortunate, it is reasonably incidental to employment. Furthermore, under the facts of the instant case, Plaintiff was in the course of her employment with Defendant J. C. Penney until she exited its premises. As such, the third and final condition for workers' compensation exclusivity is satisfied, for Plaintiff's injuries "arose in the course of her employment" with Defendant J. C. Penney.

"When the allegations of a plaintiff's motion for judgment against the employer ... show that the plaintiff's remedy is under the [workers' compensation] Act, the plaintiff has no right to pursue her action at law." *Plummer v. Landmark Communications, Inc.*, 235 Va. 78, 84, 366 S.E.2d 73, 75 (1988). Therefore, it is the ruling of this Court that Defendants' Special Plea of the Exclusivity Provisions of the Workers' Compensation Statute is granted, and Plaintiff's Motion for Judgment is dismissed. It is so ordered.