# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Annamarie Padilla

    v.

Silver Diner
and Dominic Williams

               Case No. CL02-3686

Judith Wood

    v.

Silver Diner
and Alto Miller

               Case No. CL03-145

Joann Wood

    v.

Silver Diner
and Alto Miller

               Case No. CL03-304

               June 10, 2003

BY JUDGE FREDERICK B. LOWE

This matter came before the Court on the Defendants' demurrers to various causes of action and requests for relief in the above-referenced Motions for Judgment.

Plaintiffs Annamarie Padilla, Judith Wood, and Joann Wood were employed at the Silver Diner restaurant. Padilla began working at the restaurant in June 2000, and Judith Wood and Joann Wood started shortly thereafter in August 2000. From June 2000 through May 2001, Defendant Dominic Williams, also an employee at the Silver Diner, allegedly sexually assaulted and made obscene comments to Padilla, including propositioning her on numerous occasions in an extremely vulgar manner. Specifically, in January 2001, Williams rubbed his genital area against Padilla's hand and asked if she wanted to feel "this" inside of her. In February 2001, when Padilla was on her hands and knees cleaning the kitchen, Williams sat on her back, spanked her buttocks, and said words to the effect of "giddyup, let me ride this pony." In April 2001, Williams placed his face against Padilla's breasts and made a vulgar comment. Also that month, while Padilla was in the restaurant's walk-in cooler, Williams blocked the entrance, preventing Padilla from exiting, and asked when they were going to have sex. In January and February 2001, Williams caused Padilla to suffer burns from contact with hot grease and with a hot oven by pushing or otherwise touching Padilla.

Padilla allegedly made it clear to Williams verbally as well as through body language that she was not interested in him and was offended by his behavior. In March 2001, she complained to a wait-staff supervisor about Williams' behavior. She also notified fellow employees Alto Miller and Tony Long, who was also the operating manager at the restaurant, several times, but to Padilla's knowledge no action was ever taken.

Plaintiffs Judith Wood's and Joann Wood's Motions for Judgment set forth similar allegations against Defendant and fellow employee Alto Miller. Both Plaintiffs made it clear to Miller that they wanted him to stop his behavior. Joann Wood made complaints about Miller to Bob Giamo, the president of Silver Diner; Judith Wood complained to Tony Long and John Abbott, a vice president with Silver Diner in Maryland, that she was being stalked and harassed by Miller. To the Plaintiffs' knowledge, no attempt was made to rectify the situation.

Padilla stopped working at the Silver Diner in May 2001; it is unclear from her pleadings whether she quit or was fired. Judith Wood quit her job in September 2001, allegedly because the working conditions were "so bad." Joann Wood received a letter terminating her employment in January 2000.

Padilla filed her lawsuit against Dominic Williams, and Judith Wood and Joann Wood filed their suits against Alto Miller, based on various claims of false imprisonment, assault and battery, intentional infliction of emotional distress, and wrongful discharge. All three Plaintiffs also sued Silver Diner, claiming liability under the theory of *respondeat superior* as well as primary liability for negligent retention of Williams and Miller. For quick reference, the Plaintiffs' Motions for Judgment set forth the following claims:

| Count | Padilla v. Silver Diner & Williams CL02-3686 | Judith Wood v. Silver Diner & Miller CL03-145 | Joann Wood v. Silver Diner & Miller CL03-304 |
|---|---|---|---|
| 1 | False Imprisonment | False Imprisonment | False Imprisonment |
| 2 | False Imprisonment | Assault & Battery | Assault & Battery |
| 3 | Assault & Battery | False Imprisonment | False Imprisonment |
| 4 | Assault & Battery | Assault & Battery | Assault & Battery |
| 5 | Assault & Battery | Intentional Infliction | Intentional Infliction of Emotional Distress of Emotional Distress |
| 6 | Assault & Battery | Negligent Retention | Negligent Retention (against Silver Diner) |
| 7 | Assault & Battery | Wrongful Discharge | Wrongful Discharge |
| 8 | Assault & Battery | N/A | N/A |
| 9 | Assault & Battery | N/A | N/A |
| 10 | Intentional Infliction | N/A | N/A of Emotional Distress |
| 11 | Negligent Retention | N/A | N/A (against Silver Diner) |

Defendants Silver Diner, Alto Miller, and Dominic Williams demur to the Plaintiffs' respective Motions for Judgment on several grounds, including that the suit is barred by the exclusive remedy provision of the Virginia Workers' Compensation Act, that the Plaintiffs have failed to plead the required elements of negligent retention and intentional infliction of emotional distress, and other grounds as stated below.

A. *Demurrer Standard of Review*

A demurrer challenges the legal sufficiency of factual allegations and shall be sustained if the plaintiff's pleadings do not state a cause of action or fail to state facts upon which relief can be granted. Va. Code § 8.01-273 (Michie 1950); *Fun v. Virginia Military Inst.*, 245 Va. 249, 427 S.E.2d 181 (1993). A demurrer admits the truth of all facts properly pleaded, and all reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. *Fox v. Custis*, 236 Va. 69, 372 S.E.2d 373 (1988). Thus, in considering Defendants' motion, this Court will accept as true all facts and reasonable inferences drawn from the Plaintiffs' Motions for Judgment.

B. *The Virginia Workers' Compensation Act*

Defendants demur to the Plaintiffs' claims of false imprisonment, assault and battery, intentional infliction of emotional distress, and wrongful discharge on the grounds that the claims are barred by the exclusive remedy provision of the Virginia Workers' Compensation Act.

The Act applies to injuries by accident arising out of and in the course of employment and occupational diseases. Va. Code § 65.2-101 (Michie 2002). An injury is "by accident" when it (1) "appeared suddenly at a particular time and place and upon a particular occasion, (2) ... was caused by an identifiable incident or sudden precipitating event, and (3) ... resulted in an obvious mechanical or structural change in the human body." *Southern Express v. Green*, 257 Va. 181, 187, 509 S.E.2d 836, 839 (1999). An injury that is the result of the willful and intentional assault of either a fellow employee or a third person does not prevent the injury from being accidental within the meaning of the Act. *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 759, 172 S.E. 264, 266 (1934).

The Defendants cite *Haddon v. Metropolitan Life Ins. Co.*, 239 Va. 397, 389 S.E.2d 712 (1990), for the general proposition that the intentional tort of an employer or fellow employee falls within the scope of the Act. The Defendants fail to note, however, that the assault must be "personal to the employee and not directed against him as an employee or because of his employment." *Richmond Newspapers v. Hazelwood*, 249 Va. 369, 373, 457 S.E.2d 56, 58 (1995) (citations omitted); see also *City of Richmond v. Braxton*, 230 Va. 161, 335 S.E.2d 259 (1985) (holding that a sexual assault on a female employee was of a personal nature and not directed against the employee as part of the employment relationship).

In the cases at hand, Williams and Miller admit that the purpose of their actions was to get the Plaintiffs to succumb to their sexual advances. Their assaults and other purposeful actions are thus considered to be of a personal nature, *City of Richmond*, 230 Va. 161, 335 S.E.2d 259, and were directed against the Plaintiffs as women, rather than as employees or because of their employment. See *Richmond Newspapers*, 249 Va. 369, 457 S.E.2d 56. Therefore, the Act does not bar the Plaintiffs' claims because their injuries did not arise out of employment as required by the Act. Additionally, with respect to the claims for intentional infliction of emotional distress, the Supreme Court of Virginia has specifically held that the Act does not bar these claims because the injury is not a compensable injury by accident. *Lichtman v. Knouf*, 248 Va. 138, 445 S.E.2d 114 (1994); see also *McGreevy v. Racal-Dana Instruments, Inc.*, 690 F. Supp. 468 (E.D. Va. 1988).

As none of the Plaintiff's alleged injuries may be considered injuries by accident and arising out of employment, they are not barred by the exclusive remedy provision of the Workers' Compensation Act. The Defendants' demurrer is thus overruled on these grounds.

## C. *Assault and Battery*

Under the alleged facts of these cases, this cause of action is not barred by the Workers' Compensation Act. Additionally, Defendant's demurrer to Count 7 of Joann Wood's Motion for Judgment is overruled because Ms. Wood has sufficiently alleged in ¶ 15, which is incorporated into Count 7, that Miller "towel-snapped" her on multiple occasions, leaving welts on her body, after the January 2001 incident to which Count 2 refers.

## D. *Intentional Infliction of Emotional Distress*

As stated above, the Act does not apply to bar claims for intentional infliction of emotional distress.

Defendants also demurred to this claim on the grounds that the Plaintiffs have not alleged any facts demonstrating either physical injury from the emotional distress or emotional distress so severe that no reasonable person could be expected to endure it and intent on the Defendant's part to inflict emotional distress.

To recover for intentional infliction of emotional distress in Virginia, a claimant must establish four elements:

One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

*Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974).

The Supreme Court of Virginia has also held that allegations of stress, humiliation, embarrassment, injury to reputation, and mental anguish unaccompanied by objective physical injury, medical attention, or lost income are not sufficient to support a claim for intentional infliction of emotion distress. *Russo v. White*, 241 Va. 23, 28, 400 S.E.2d 160, 163 (1991); see also *Dotson v. U-Haul Co.*, 42 Va. Cir. 121 (Fairfax Co. 1997); *Rollins v. Consolidated Bank & Trust Co.*, 54 Va. Cir. 147 (Richmond 2000). However, *Russo* and its progeny addressed emotional distress claims that were "independent of any physical injury and unaccompanied by any physical impact," 241 Va. at 24, 400 S.E.2d at 161, and clearly differ from cases involving physical or sexual assaults. See *Hygh v. Geneva Enters., Inc.*, 47 Va. Cir. 569, 575 (Fairfax Co. 1997) (holding that "an alleged victim of sexual assault[] need not plead with graphic specificity any additional objective physical injury. ... [and] clearly experiences severe emotional distress that no reasonable person could be expected to endure").

In the cases at hand, the Plaintiffs have sufficiently alleged physical and emotional injuries resulting from physical and sexual abuse by Williams and Miller. It is apparent that Miller's and Williams' alleged conduct was so outrageous and offensive as to cause the Plaintiffs severe emotional distress as well as physical injuries. *Id.* Additionally, the Plaintiffs told Williams and Miller on multiple occasions that their conduct was unwelcome, and it may be inferred that Williams and Miller intended to cause the Plaintiffs distress by continuing to sexually assault and harass them. Accordingly, the Defendants' demurrer is overruled.

### E. *Negligent Retention (Against Silver Diner Only)*

Defendants demur to this cause of action on the grounds that it is barred by the exclusive remedy provisions of the Workers' Compensation Act and that the Plaintiffs have not pleaded facts to support knowledge by or notice to Silver Diner regarding the danger to others posed by Williams and Miller.

The alleged injury is not the result of an accident arising out of employment covered by the Workers' Compensation Act and, therefore, recovery of damages is not barred by the Act. Additionally, the Plaintiffs' pleadings state that the Plaintiffs brought the alleged misconduct of Defendants Williams and Long to the attention of Silver Diner through its various officers, including Bob Giamo, John Abbott, and Tony Long. Silver Diner thus allegedly had actual notice that Williams and Miller were likely to assault, falsely imprison, and otherwise harm their female co-workers.

Defendants also point out that Williams and Miller cannot be liable under this cause of action because they were mere employees; however, the Motions for Judgment make it clear that the claim is asserted against only the employer, Silver Diner.

Finally, Defendants incorrectly assert that there is no authority under Virginia law for the tort of negligent retention as it applies to the conduct of one employee against another. See *Richmond Newspapers v. Hazelwood,* 249 Va. 369, 457 S.E.2d 56; 249 Va. 369, 457 S.E.2d 56 (1995) (involving a claim based upon the employer's negligence in its hiring and retention of an unfit person in the work place). As this cause of action is cognizable in Virginia and the pleadings sufficiently state such claims, the Defendants' demurrer is overruled.

### F. *Wrongful Discharge*

Defendants note that Plaintiff Joann Wood's Motion for Judgment is inconsistent in that Wood was actually fired by Silver Diner, as stated in ¶¶ 34-36, but it alleges constructive discharge in Count 6. It appears that in drafting the Plaintiffs' Motions for Judgment, Plaintiffs' counsel may have confused the facts of each Plaintiff's case. Joann Wood's pleadings make it clear, however, that she alleges her hours were cut and she was fired shortly after making complaints about the way female employees were treated. Contrary to Defendants' assertion, the fact that Miller, her aggressor, did not send the letter of termination does not necessarily show that she was fired for reasons unrelated to her complaints about Miller. Wood should not be denied

recovery on this claim due to one "typo" in ¶ 64 in using the word "constructively" rather than "wrongfully."

Defendants also assert that Virginia law does not recognize a cause of action for wrongful constructive discharge. The theory of constructive discharge is an extension of the tort action for wrongful discharge and is available to an employee who resigns as opposed to being fired. In *Jones v. Professional Hospitality Resources, Inc.*, 35 Va. Cir. 458 (Va. Beach 1995), this Court refused to recognize constructive discharge as a cause of action. The plaintiff in *Jones* resigned after thwarting her employer's sexual advances resulted in unbearable conditions at work. *Id.* This Court sustained a demurrer on the basis that "no Virginia court has extended the tort of wrongful discharge in violation of public policy to include such a scenario." *Id.* at 460.

Since the decision in *Jones*, however, several Virginia trial courts have recognized constructive discharge as a cause of action. See, e.g., *Gochenour v. Beasley*, 47 Va. Cir. 218 (Rockingham Co. 1998). In *Gochenour*, the plaintiff resigned after discovering her employer had a camera aimed at her crotch area when she sat at her desk. *Id.* The *Gochenour* court acknowledged constructive discharge as an extension of wrongful discharged, reasoning that just as Virginia law already recognizes the doctrine of constructive desertion in marriages where one spouse's unacceptable conduct forces the other spouse to leave, employees should not be forced to endure similar behavior. *Id.* at 222.

To establish constructive discharge, a plaintiff must show that the termination was in violation of "clear and unequivocal public policy of this Commonwealth, that no person should have to suffer such indignities," and that the employer's actions were deliberate and created intolerable working conditions. *Gochenour*, 47 Va. Cir. 218. At the demurrer stage, the first element is satisfied by the Plaintiffs' allegations that their continued employment was contingent upon their involvement in acts that violate public policies set forth in Va. Code § 18.2-344, prohibiting fornication, and Va. Code § 18.2-345, prohibiting lewd and lascivious cohabitation. Additionally, the frequency and extent of Miller's alleged actions support an inference of deliberateness and intolerable working conditions, notwithstanding the Defendants' assertion that the sole purpose of Miller's actions was for the Plaintiffs to succumb to their sexual advances.

For these reasons, the Defendants' demurrer is overruled as to this claim.

## G. *Attorney's Fees for Wrongful Discharge Claim*

The parties' final point of contention involves Plaintiffs' request for attorney's fees. Plaintiffs Judith Wood and Joann Wood rely on two cases,

*Burruss v. Hines*, 94 Va. 413, 26 S.E. 875 (1897), and *Bolton v. Vellines*, 94 Va. 393, 26 S.E. 847 (1897), to support their request for an award of attorney's fees. According to these cases, however, attorney's fees are only recoverable if fees were paid or incurred by counsel in defending a prior suit or proceeding, such as when one has to hire an attorney to procure discharge from a false arrest. *Bolton*, 94 Va. at 404, 26 S.E. at 850; *Burruss*, 94 Va. at 420, 26 S.E. at 878. The Plaintiffs in the cases at hand did not incur any such fees or expenses prior to filing suit. Therefore, this Court finds that the Plaintiffs are not entitled to an award of attorney's fees for their false imprisonment claims and sustains Defendants' demurrer in this regard.

As set forth above, the Defendants' demurrer is overruled in part and sustained in part.