# CIRCUIT COURT OF THE CITY OF NORFOLK

Magdalend S. Hazzis

v.

Osama Modjadidi,
Stephen E. Konikoff,
and Konikoff Family
Dentistry, Inc.

December 19, 2005

Case No. (Law) L05-1078

BY JUDGE JOHN C. MORRISON, JR.

 This matter is before the Court on several demurrers filed by Defendants Dr. Osama Modjadidi, Stephen E. Konikoff, and Konikoff Family Dentistry, Inc.

 The Plaintiff, Magdalend S. Hazzis, claims that Dr. Modjadidi, a dentist and employee of Konikoff Family Dentistry, used his position of authority to commit wrongful sexual acts against her while she was working at Konikoff Family Dentistry as a dental hygienist. She claims that he forcibly rubbed his body against hers, unsnapped her bra when her hands were engaged with the

film processor, kicked her, grabbed her buttocks, circled her breasts with the anesthesia device while her hands were busy with a patient, and made several offensive sexual remarks, including comments about her fourteen-year-old daughter. The Plaintiff allegedly reported Dr. Modjadidi's conduct to the office manager and to Dr. Konikoff, the president of Konikoff Family Dentistry, Inc. The Plaintiff claims that, as a result of Dr. Modjadidi's sexual harassment, she has suffered extreme mental and emotional anguish, physical injuries, and medical expenses.

The Plaintiff is suing Dr. Modjadidi, Konikoff Family Dentistry, Inc., and Dr. Stephen E. Konikoff, individually, for assault and battery and intentional infliction of emotional distress. She is also suing Konikoff Family Dentistry, Inc., and Dr. Konikoff for the negligent retention of Dr. Modjadidi. The Plaintiff's Motion for Judgment seeks two million dollars in compensatory damages and an additional three-hundred and fifty thousand dollars in punitive damages.

The Defendants demur to the Plaintiff's entire case, claiming that the Workers' Compensation Act bars her causes of action, that she failed to sufficiently allege facts supporting a claim for intentional infliction of emotional distress, that Dr. Modjadidi's conduct was not within the scope of his employment and therefore cannot lead to vicarious liability on the part of Konikoff Family Dentistry, Inc., and that Dr. Konikoff cannot be individually liable because he did not employ Dr. Modjadidi. The Defendants further argue that Virginia does not recognize a cause of action for negligent retention when one employee injures a co-employee and that the Plaintiff has improperly pleaded a stand-alone claim for punitive damages. *Id.*

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397 (1991)). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71 (1988) (citations omitted).

*A. Liability of Stephen E. Konikoff*

The Plaintiff's claims against Dr. Stephen E. Konikoff are all based on employer liability. Dr. Konikoff demurs to the Plaintiff's claims against him as an individual, arguing that only Konikoff Family Dentistry, Inc., employed Dr.

Modjadidi. Without an employer-employee relationship between Dr. Konikoff and Dr. Modjadidi, Dr. Konikoff cannot be personally liable to the Plaintiff.

Throughout the Motion for Judgment, the Plaintiff states that Konikoff Family Dentistry, Inc., is Dr. Modjadidi's employer and Dr. Konikoff is the corporate president, thus giving the impression that she is pursuing damages against Dr. Konikoff as a corporate officer, rather than as Dr. Modjadidi's employer. *See Motion for Judgment*, && 2-3, 7-8, 18, 25. Because the Plaintiff's claims against Dr. Konikoff are only based on his status as an officer or owner of the corporation, the Plaintiff must "pierce the corporate veil" to reach Dr. Konikoff as an individual. *See O'Hazza v. Executive Credit Corp.*, 246 Va. 111, 115 (1993); *Greenberg v. Commonwealth ex rel. Attorney General*, 255 Va. 594, 604 (1998).

The Plaintiff has not alleged sufficient facts in her pleading to pierce the corporate structure in order to reach Dr. Konikoff individually. Therefore, the Court sustains each of Dr. Stephen E. Konikoff's demurrers to the Plaintiff's allegations.

## B. Workers' Compensation Act

The Virginia Workers' Compensation Act is the exclusive remedy to compensate an employee for an injury by accident arising out of and in the course of the employment. *See* Va. Code Ann. § 65.2-300 (2005). In *Haddon v. Metropolitan Life*, the Virginia Supreme Court interpreted "by accident" to include injuries resulting from intentional torts. *See Haddon v. Metropolitan Life*, 239 Va. 397, 400 (1990). However, the Court later narrowed its holding in *Haddon* by ruling that the Workers' Compensation Act does not cover injuries that are incurred over time. *See Lichtman v. Knouf*, 248 Va. 138, 140 (1994) ("We overrule *Haddon* to the extent that it placed gradually incurred injuries within the definition of `injury by accident'."). In *Lichtman*, the plaintiff's employers had harassed her for a year, resulting in the plaintiff's psychological injury. *Id.* at 139-140. The Court agreed with the plaintiff that the injury was gradually incurred rather than "the result of an identifiable incident causing a mechanical or structural change in the body." *Id.* at 139. Thus, the Court held that the injury fell outside the scope of the Workers' Compensation Act. *Id.* at 140.

The Defendants cite a Norfolk Circuit Court decision by Judge Griffith, *Abney v. Wimer*, to support their argument that the Workers' Compensation Act bars personal injury claims of assault and intentional infliction of emotional distress. In *Abney*, the plaintiff's injuries occurred when the plaintiff's employer called her into the office, fired her, and forcibly removed her from the premises.

*Abney v. Wimer and J. C. Penney*, 60 Va. Cir. 87, 87-88 (2002). Judge Griffith held that the Workers' Compensation Act was the exclusive remedy for the plaintiff because her injuries, three broken bones in her foot, were "caused by an identifiable incident or sudden precipitating event; and they resulted in an obvious mechanical or structural change in her body." *Id.* at 89.

The present case can be distinguished from *Abney*. The Plaintiff claims her stress-related mental and physical injuries arose from the Defendant's conduct over a period of four or five months, making this case more analogous to *Lichtman* than to *Abney*. *See Motion for Judgment*, && 16-17, 24. Therefore, the Court finds that the Workers' Compensation Act does not bar her claims.

## C. Intentional Infliction of Emotional Distress

In Virginia, a party alleging intentional infliction of emotional distress must prove by clear and convincing evidence that the tortfeasor's conduct was intentional or reckless, that the conduct was outrageous and intolerable, that the conduct caused emotional distress, and that the distress suffered was severe. *See Russo v. White*, 241 Va. 23, 26 (1991). The Supreme Court has stated that, even if the conduct was outrageous, "liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Id.* at 27.

The Defendants argue that Dr. Modjadidi's conduct and the Plaintiff's emotional suffering do not rise to the level of severity required to support a claim of intentional infliction of emotional distress. In *Russo v. White*, the defendant had harassed the plaintiff with a barrage of hang-up calls over a period of months. *Russo*, 241 Va. 27. The Virginia Supreme Court held that the plaintiff's allegations that she was nervous, lost sleep, withdrew from activities, suffered from lack of concentration at work, and experienced the "physical symptoms" of stress were not enough to reach the requisite level of extreme emotional distress. *Id.* at 28. The Court explained, "There is no claim, for example, that she had any objective physical injury caused by the stress, that she sought medical attention, that she was confined at home or in a hospital, or that she lost income." *Id.*

In a 2003 case, Judge Frederick Lowe of the Virginia Beach Circuit Court decided a case dealing with sexual harassment, including physical abuse, between employees at a diner. *Padilla v. Silver Diner*, 63 Va. Cir. 50 (2003). The plaintiffs sued the offending co-workers and the employer for intentional infliction of emotional distress. *Id.* at 52. In overruling the defendants' demurrers, Judge Lowe distinguished the case from the *Russo* line of cases

based on the element of physical impact, noting that the defendants' "alleged conduct was so outrageous and offensive as to cause the Plaintiffs severe emotional distress as well as physical injuries." *Id.* at 55

The physical injuries in *Padilla* were more pronounced than those in the present case. *Id.* at 51. However, the reasoning is analogous. Cases dealing with elements of physical sexual harassment are distinguishable from cases like *Russo* where the allegations dealt only with non-tactile torts. In this case, the egregiousness and physical nature of the alleged conduct, along with the plaintiff's claims of emotional distress to the point of vomiting blood, are sufficient to overrule the Defendants' demurrers. *Id.*

### D. Vicarious Liability

The doctrine of *respondeat superior* directs that an employer may be liable for the torts of his employee if the acts occur while the employee was performing his employer's business and acting within the scope of employment. *See Kensington Associates v. West*, 234 Va. 430, 432 (1987). The Defendants argue that the acts alleged by the Plaintiff must fall outside the scope of employment because it is clear by the nature of Dr. Modjadidi's actions that they arose from a personal motive unrelated to the practice of dentistry.

In *Berry v. Scott & Stringfellow*, the plaintiff asserted that her employer was vicariously liable for the sexual harassment committed by her supervisor. *Berry*, 45 Va. Cir. 240 (1998). The plaintiff claimed that the supervisor had made vulgar comments, peered down her blouse, and hugged and kissed her without consent. In overruling the defendant's demurrer, this Court noted that the test for vicarious liability is not whether the act itself was within the ordinary course of the employer's business, "but whether the service in which the tortious act was done was within the ordinary course of the employer's business." *Id.* at 243 (citing *Commercial Business Systems, Inc. v. BellSouth, Inc.*, 249 Va. 39, 44 (1995).

The facts in this case appear similar to *Berry* in terms of *respondeat superior*. The Plaintiff has alleged that Dr. Modjadidi was engaged in a service within the ordinary course of the employer's business when he committed the wrongful acts. The Plaintiff's Motion for Judgment specifically states that the alleged acts "were committed while he was performing his duties as a dentist and in execution of the services for which he was employed." *Motion for Judgment*, & 9. This Court made the following point in *Berry* regarding "scope of employment" in sexual harassment cases:

> Excluding personal motives from the analysis is especially important in the context of sexual harassment. Otherwise, employers could uniformly shield themselves from vicarious liability in cases where an employee who, while acting within the scope of employment, creates an intolerable working environment riddled with sexual nuances.

*Berry*, 45 Va. Cir. at 243.

Applying this reasoning to the present case, the Court overrules Konikoff Family Dentistry's demurrer to vicarious liability.

## E. Negligent Retention

The Plaintiff is suing Dr. Stephen Konikoff and Konikoff Family Dentistry, Inc., for the negligent retention of Dr. Modjadidi. The Plaintiff claims that she reported Dr. Modjadidi's conduct to the office manager and to Dr. Konikoff and that "[a]t all times relevant, Dr. Konikoff and Konikoff Family Dentistry, Inc., knew that Dr. Modjadidi subjected staff members to unwanted and offensive touching, profane and degrading language, sexual innuendo, and threats." The Plaintiff asserts that Dr. Konikoff and Konikoff Family Dentistry, Inc., kept Dr. Modjadidi on the staff despite their awareness of his "high propensity" for such acts and the foreseeability of injury to the Plaintiff.

The Defendants cite *Fisher v. A. W. Temple, Inc.*, a City of Richmond Circuit Court decision, for the proposition that the doctrine of negligent retention does not impose liability on employers when the offending employee has injured a fellow employee. *Defendants' Brief* at 8, citing *Fisher v. A. W. Temple, Inc.*, 2000 Va. Cir. LEXIS 193 (2000). In *Fisher*, the plaintiff claimed he was subjected to racial harassment and physical abuse by a co-employee who was a member of the Ku Klux Klan. *Fisher*, 2000 Va. Cir. LEXIS 193, *1. The plaintiff sued his employer for negligent retention because the employer was aware of the offending employee's propensity to harass the plaintiff. *Id.* *9. Judge Markow sustained the defendant's demurrer to the negligent retention claim, noting that the doctrine originated as an exception to charitable immunity and had only been applied to third parties injured by intentional actions of employees. *Id.* at *12. Judge Markow declined to extend liability for negligent retention to a tort committed against a fellow employee. *Id.* at *13.

However, in *Berry v. Scott & Stringfellow*, this Court allowed the plaintiff to pursue a negligent retention claim against her employer for sexual harassment committed by her supervisor. 45 Va. Cir. 240, 247 (1998). The Court noted that the employer had notice of the supervisor's tendency to harass

and assault female employees. *Id.* Indeed, there was evidence that the company had investigated complaints against the supervisor and was well aware of the problem. *Id.* The Court found that the plaintiff had alleged facts sufficient to support a negligent retention claim and overruled the demurrer. *Id.*

In *Flanary v. Roanoke Valley Society for the Prevention of Cruelty to Animals,* the Circuit Court of Roanoke disregarded Judge Markow's narrow interpretation of negligent retention and chose instead to adopt this Court's reasoning in *Berry,* overruling a demurrer in a negligent retention case dealing with an assault by one employee against a fellow employee. *Flanary,* 53 Va. Cir. 134, 139 (2000). The Virginia Beach Circuit Court also overruled a defendant employer's demurrer to a negligent retention claim in *Padilla v. Silver Diner,* 63 Va. Cir. 50, 56 (2003) (stating that the defendants were incorrect to assert that Virginia law does not recognize negligent retention as applied to the conduct of one employee against another).

Virginia Appellate Courts have not decided the issue of whether negligent retention claims may lie against employers when one employee injures a co-employee. However, when this Court addressed the issue in *Berry,* it allowed the plaintiff employee to pursue her negligent retention claim against the employer for the acts of her supervisor. Applying the *Berry* reasoning to the present case, the Court overrules Defendant Konikoff Family Dentistry's demurrer on the negligent retention claim.

## F. Punitive Damages

In Count Four of the Motion for Judgment, the Plaintiff requests three-hundred and fifty thousand dollars in punitive damages from Dr. Modjadidi, Dr. Konikoff, and Konikoff Family Dentistry, Inc. The Defendants demur, arguing that the Plaintiff cannot assert a "stand alone cause of action" for punitive damages.

Although Count Four does not specifically restate each of the torts for which the Plaintiff is seeking punitive damages, the first paragraph states that "the allegations of all other paragraphs of the Motion for Judgment are incorporated by reference and are re-alleged as though fully set forth herein." *Motion for Judgment,* & 33. Thus, the Plaintiff claims punitive damages for the torts alleged in Counts One, Two, and Three of the Motion for Judgment.

The Plaintiff may recover punitive damages in addition to compensatory damages if the wrongful conduct was committed with malice or with a degree of recklessness or negligence that amounts to a "conscious disregard of the rights of others." *Giant of Virginia, Inc. v. Pigg,* 207 Va. 679, 685 (1967)). However, "the conclusion that there was misconduct or malice, or that a party acted with a

conscious disregard of another's rights need only be a `possible conclusion' the jury could reach." *Smith v. Litten*, 256 Va. 573, 578-79 (1998) (citing *Jordan v. Sauve and Koons*, 219 Va. 448, 454 (1978)).

In this case, the Court finds that the Plaintiff may pursue punitive damages from Dr. Modjadidi for assault and battery and intentional infliction of emotional distress. A jury could infer that Dr. Modjadidi committed the acts described in the Motion for Judgment with malice, or at least with a conscious disregard for the Plaintiff's rights and safety.

However, the Plaintiff cannot collect punitive damages from the employer Defendants for assault and battery or intentional infliction of emotional distress because the employers are only vicariously liable for those acts by the dentist. The Virginia Supreme Court has said that in order for an employer to be liable for punitive damages for conduct committed by his employee, the employer must have previously authorized or subsequently ratified the employee's conduct. *Hogg v. Plant*, 145 Va. 175, 179-80 (1926). The Motion for Judgment does not allege that Dr. Konikoff or Konikoff Family Dentistry, Inc., ratified or authorized Dr. Modjadidi's conduct. Therefore, the Court sustains the demurrers as to the assault and battery and intentional infliction claims.

However, Konikoff Family Dentistry may be liable for punitive damages for the negligent retention claim. Unlike the claims for assault and battery and intentional infliction of emotional distress, the employers would be primarily liable for negligently retaining Dr. Modjadidi. Therefore, the standard is whether the Defendants acted with malice or with a "conscious disregard for the rights of others." The Plaintiff has outlined sufficient facts in the Motion for Judgment to support her claim that the employer's decision to retain Dr. Modjadidi despite being aware of his "high propensity" for harassing the Plaintiff evinced a conscious disregard for her rights. Therefore, the Court overrules Konikoff Family Dentistry's demurrer and allows the Plaintiff's claim for punitive damages for negligent retention to go forward.