# CIRCUIT COURT OF ROCKINGHAM COUNTY

George W. Crump, IV,
Administrator of the Estate of
Bonnie Sue H. Crump,
deceased

    v.

Deborah K. Morris,
Executor of the Estate of
Brewer E. Hoover, Jr.,
deceased,
and American HomePatient, Inc.

Case No. CL06-00547

Sharon A. Gibson,
Administrator of the Estate of
Gary Allen Gibson,
deceased

    v.

Deborah K. Morris,
Executor of the Estate of
Brewer E. Hoover, Jr.,
deceased,
and American HomePatient, Inc.

Case No. CL06-00549

March 12, 2007

BY JUDGE JOHN J. MCGRATH, JR.

These are two related wrongful death actions brought against the Executor of the estate of the individual who killed two co-workers and against the employer of the three deceased individuals. These cases are before the Court on the Defendant American HomePatient's Demurrers to the Complaints, raising the Workers' Compensation Act exclusivity provision (§ 65.2-307), Demurrers to the Punitive Damages claims, and Demurrers to Claims for Negligent Supervision. Counsel for Plaintiffs and American HomePatient submitted various memoranda on the issues, and the Court heard oral argument on the issues and took the matters under advisement for further review and the issuance of an opinion.

*Facts*

Plaintiffs allege the following facts in their Complaints. Plaintiffs' decedents, Bonnie Sue H. Crump ("Crump") and Gary A. Gibson ("Gibson"), and Defendant decedent, Brewer E. Hoover, Jr. ("Hoover"), were all coworkers employed by Defendant, American HomePatient, Inc. ("AHP"), and all worked together in the AHP office, formerly located at 182 Neff Avenue in Harrisonburg, Virginia. During that time, Ms. Crump, Mr. Gibson, and Mr. Hoover's immediate supervisor was Greg Taylor, a district manager of AHP.

At some point, Mr. Hoover became romantically infatuated with Ms. Crump, and Mr. Hoover apparently believed that Ms. Crump and Mr. Gibson were having an extra-marital affair. Mr. Hoover confronted Ms. Crump about his belief on March 24, 2006, after entering her office and slamming her door. Mr. Hoover shook his fist and pointed in Ms. Crump's face while shouting at her for lying about the affair.

Ms. Crump reported the assault to Mr. Taylor, the District Manager, by leaving telephone messages for him on the evening of March 24, 2006. In addition, Ms. Crump left another message for Mr. Taylor on March 27, 2006, indicating that she was afraid to return to work. However, Mr. Taylor never contacted Ms. Crump regarding those telephone messages.

Mr. Hoover continued to act in a threatening manner towards Ms. Crump, which prompted Ms. Crump to keep a cane at her desk for protection. In addition, Ms. Crump was afraid to visit the restroom unless accompanied by another employee. Several other employees reported Mr. Hoover's strange behavior to Mr. Taylor in e-mails and voiced their concerns in weekly office meetings attended by Mr. Taylor. However, Mr. Taylor and AHP did not take any responsive action.

On May 16, 2006, Mr. Hoover reported to work with .38 and .40 caliber handguns. Mr. Hoover first shot Mr. Gibson, killing him with a single shot to the head. Ms. Crump and two of her coworkers were in the front of the office preparing for their workday when they heard this gunshot. Mr. Hoover then came from the rear of the office and began shooting at Ms. Crump, who was hit several times. One of her coworkers pulled Ms. Crump into an office and closed the door. However, Mr. Hoover shot through the door and then entered the office, executing Ms. Crump, shooting her at point-blank range in the head. Mr. Hoover committed suicide shortly after the shootings when the police officers entered the building.

*Analysis*

It is a well established law that a demurrer "tests only the sufficiency of factual allegations to determine whether the pleading states a cause of action." *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 914 (2001). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000), quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991).

I. *Defendant's Demurrers*
*Based on the Exclusivity Provision*
*of the Workers' Compensation Act*

The Virginia Workers' Compensation Act is the exclusive remedy for injuries caused by accidents "arising out of and in the course of" an individual's employment. Code of Virginia § 65.2-300. As the Defendant asserts, the Act provides the sole and exclusive remedy against an employer when an employee is injured in such a manner. Va. Code § 65.2-307; *Butler v.*

*Southern States Coop., Inc.*, 270 Va. 459, 465, 620 S.E.2d 768, 772 (2005); see also *Rasnick v. Pittston Co.*, 237 Va. 658, 660, 379 S.E.2d 353, 354 (1989).

In order for an accident to fall within the scope of the Act, both the "arising out of" and the "in the course of" prongs must be satisfied. *Butler, supra*, at 465. "Arising out of" refers to the "origin or cause of the injury," and "in the course of" references the "time, place, and circumstances under which the accident occurred." *R & T Investments, Ltd. v. Johns*, 228 Va. 249, 252, 321 S.E.2d 287, 289 (1984).

In the present case, none of the parties dispute that the shooting occurred "in the course of" the decedents' employment. The shooting occurred while both Ms. Crump and Mr. Gibson were starting their workdays at the office of AHP. Therefore, the only question before this Court is whether the shooting arose "out of" Mr. Gibson and Ms. Crump's employment with AHP.

"An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." *R & T Investments, Ltd.*, at 252. The Virginia Supreme Court has held that when an injury is "personal to the employee and not directed against [her] as an employee or because of [her] employment, the injury does not arise out of the employment." *Butler*, at 466, quoting *Richmond Newspapers v. Hazelwood*, 249 Va. 369, 373, 457 S.E.2d 56, 58 (1995).

In the present case, AHP claims that the Plaintiffs have failed to specifically allege that the reason Mr. Hoover shot Ms. Crump and Mr. Gibson was purely personal in nature and, therefore, has failed to allege sufficient facts to show that Mr. Gibson and Ms. Crump's injuries did not arise out of their employment. AHP argues that, because Mr. Hoover, Ms. Crump, and Mr. Gibson were all connected by their employment at AHP, it was their employment that brought them together on the day the fatal shooting occurred. However, AHP's argument is misplaced. The fact that the parties were all present at work satisfies only the "in the course of" prong of the statutory requirement.

The Plaintiffs in this case have pleaded that Mr. Hoover's shooting of Mr. Gibson and Ms. Crump was not directed against them as employees or because of their employment. The assault on Mr. Gibson and Ms. Crump was clearly personal in nature as the Plaintiffs have established that the cause of Mr. Hoover's actions that day were the culmination of his infatuation with Ms. Crump and his belief that the victims were engaged in an extra-marital affair. In no way could the attack on the victims be seen as furthering the business of AHP. Therefore, Mr. Hoover's attack on and the subsequent deaths of Mr.

Gibson and Ms. Crump did not arise "out of" their employment for purposes of the Workers' Compensation Act. Therefore, this aspect of AHP's Demurrers are overruled.

## II. *Defendant's Demurrers to Plaintiffs' Claims of Negligent Supervision*

This Court has addressed this issue before in the case of *Stottlemyer v. Ghramm*, 60 Va. Cir. 474 (Winchester 2001), *aff'd on other grounds*, 268 Va. 7 (2004). In that case, this Court refused to find that "negligent supervision" was a viable cause of action under Virginia law. As stated in that opinion, "the Courts in Virginia, except two circuit courts, have held that Virginia does not accept negligent supervision as an independent cause of action." *Id.*, at 484. See, e.g., *Nickson v. Price*, 69 Va. Cir. 516 (Chesterfield County, 2004); *Willman v. Snyder*, 65 Va. Cir. 62 (Fairfax County, 2004).

The Plaintiffs argue that the *Stottlemyer* decision is distinguishable from the present case because, in *Stottlemyer*, this Court refused to find a cause of action for negligent supervision against a hospital for the misconduct of an independent contractor. However, this Court's holding in *Stottlemyer* was not based on the independent contractor relationship between the parties, but upon the controlling Virginia authority which does not recognize a cause of action in any situation. Therefore, the Court finds that the Plaintiffs' claims of negligent supervision is not a viable cause of action.

## III. *Defendant's Demurrers to Plaintiff's Claims for Punitive Damages*

Punitive damages are recoverable "only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others." *Xspedius Mgmt. Co. of Va., L.L.C. v. Stephan*, 269 Va. 421, 425, 611 S.E.2d 385, 387 (2005), quoting *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 685, 152 S.E.2d 271, 277 (1967). However, as the Virginia Supreme Court stated in *Smith v. Litten*, "the conclusion that there was misconduct or malice, or that a party acted with a conscious disregard of another's rights need only be a 'possible conclusion' the jury could reach." 256 Va. 573, 578-79, 507 S.E.2d 77, 80 (1998), citing *Jordan v. Sauve and Koons*, 219 Va. 448, 454, 247 S.E.2d 739, 742 (1978).

In its Brief in Support of its Demurrers, AHP claims that Plaintiffs' alleged facts do not rise to the level required for punitive damages. In their Briefs in Opposition to the Defendant's Demurrers, the Plaintiffs argue that punitive damages are available in negligent retention cases, citing the two

circuit court opinions of *Berry v. Scott & Stringfellow*, 45 Va. Cir. 240 (Norfolk 1998), and *Hazzis v. Modjadidi*, 69 Va. Cir. 385, 392 (Norfolk 2005). After a search of Virginia case law, this Court has failed to find a Virginia Supreme Court case that specifically addresses the issue of whether punitive damages are available in a claim against an employer for negligent retention. However, the Court feels that the case of *Hazzis v. Modjadidi* is on point and warrants discussion.

*Hazzis* involved a suit by a dental hygienist against a dentist and its employer claiming assault and battery, intentional infliction of emotional distress, and negligent retention. Judge Morrison refused to allow punitive damages from the employer for assault and battery and intentional infliction of emotional distress because it was only vicariously liable for the acts of the dentist. However, the Judge Morrison found that the plaintiff had pleaded sufficient facts in her Motion for Judgment to support a claim for punitive damages on the question of negligent retention. The court felt that, because the plaintiff had reported the dentist's conduct of fondling her and making inappropriate comments to the employer, the employer was aware of the dentist's "high propensity" for such acts, and, therefore, his attack on the plaintiff was foreseeable. Judge Morrison's reasoning is sound and persuasive.

In the present case, Mr. Hoover had become obsessed with Ms. Crump, had confronted her about it at their place of work in a violent manner, by slamming the door, pointing his finger in her face, and yelling. Ms. Crump, Mr. Gibson, and several other employees had repeatedly voiced their concern to Mr. Taylor, the supervisor of AHP, about Mr. Hoover's behavior. In addition, Ms. Crump kept a cane by her desk for protection because she was so fearful of Mr. Hoover and would not go to the restroom unless accompanied by another employee. Despite repeated complaints by employees, Mr. Taylor and AHP failed to acknowledge the concerns, nor did they ever take any responsive action. Mr. Taylor and AHP knew of Mr. Hoover's high propensity for violent behavior, his obsession with Ms. Crump, and his belief that Ms. Crump was engaged in an adulterous affair with Mr. Gibson, and, therefore, an attack on the victims was clearly foreseeable. Therefore, the Plaintiff has alleged sufficient facts to support the possibility of a finding of punitive damages by a jury.

In its Demurrers, AHP also argues that punitive damages are unavailable because Plaintiffs have failed to allege that Mr. Hoover's acts were within the scope of employment and that punitive damages are not available against a decedent's estate. However, as the Plaintiffs point out, they

have not pleaded vicarious liability against AHP, nor have the Plaintiffs requested punitive damages against Mr. Hoover's estate. Therefore, those issues are not before the Court.

## Order

For the foregoing reasons, it is hereby adjudged, ordered, and decreed that the Defendant's Demurrers to the Plaintiffs' Complaints under the Workers' Compensation Act and the Defendant's Demurrers to the Plaintiffs' Claims for Punitive Damages are overruled, and the Defendant's Demurrers to the Plaintiffs' Claims for Negligent Supervision is sustained.

Endorsement of this Order by counsel is waived pursuant to Rule 1:13 of the Supreme Court of Virginia. The Clerk is directed to send attested copies of this Opinion and Order to Donald D. Litten, Esq., and Jason A. Botkins, Esq., Counsel for Plaintiffs; Grant A. Richardson, Esq., Counsel for Defendant, Deborah K. Morris; and H. Robert Yates, III, Esq., Counsel for Defendant, American HomePatient, Inc.

## Opinion

This matter is before the Court on the Plaintiff's Motion to Strike. Counsel for all parties submitted memoranda, and the Court heard oral argument on the issue and took the matter under advisement for further review and the issuance of an opinion.

## Facts

Plaintiffs, George W. Crump, IV, Administrator ("Plaintiff Crump"), and Sharon A. Gibson, Administrator ("Plaintiff Gibson"), filed Complaints alleging assault and battery and seeking damages from Deborah K. Morris, Executor ("Defendant"). Both Plaintiff Crump and Plaintiff Gibson allege in their Complaints that their decedents, Bonnie Sue H. Crump ("Crump") and Gary Allen Gibson ("Gibson"), died as the result of an assault and battery committed by Defendant's decedent, Brewer E. Hoover, Jr. Defendant filed an Answer, raising as an affirmative defense that Hoover was incompetent at the time of the assault and battery. In response, both Plaintiffs filed a Motion to Strike paragraph eight of Defendant's Answer, which raises incompetence as an affirmative defense. Plaintiffs argue that the Defendant's allegation that Hoover was incompetent is not a recognized affirmative defense to the assault and battery claims.

■

*Analysis*

The effect of a motion to strike is to admit that, even if the facts set out in the answer are true, they are not sufficient as a matter of law to constitute a bar to the action or proceeding. *Casilear v. Casilear*, 168 Va. 46, 52, 190 S.E. 314, 316 (1937). In this case, the Court will take as true the Defendant's allegation that Hoover was incompetent at the time of the alleged assault and battery for the purposes of considering the motion to strike.

The Virginia Supreme Court has stated the notion that "every person is liable for the direct, natural, and probable consequence of his acts, and that every one doing an unlawful act is responsible for all of the consequential results of that act." *Bannister v. Mitchell*, 127 Va. 578, 584, 104 S.E. 800, 801 (1920).

In order for a plaintiff to prove the tort of assault, "he must show that the defendant performed an act intended to cause either harmful or offensive contact with another person or apprehension of such contact and that creates in the other person's mind a reasonable apprehension of an imminent battery." *Bowie v. Murphy*, 271 Va. 126, 136, 624 S.E.2d 74, 80 (2006). Battery is "an unwanted touching which is neither consented to, excused, nor justified." *Koffman v. Garnett*, 265 Va. 12, 16, 574 S.E.2d 258, 261 (2003). The only intent necessary for these torts is that the act was intended to cause contact or apprehension. *Glover v. Oppleman*, 178 F. Supp. 2d 622, 640 (W.D. Va. 2001).

After a search of Virginia case law, this Court was unable to find a case recognizing incompetence, insanity, or mental illness as a defense to an intentional tort. However, the Court in *Travelers Indemnity Co. v. Obenshain*, 219 Va. 44, 245 S.E.2d 247 (1978), indirectly addressed the issue when determining whether an intentional shooting could be brought within the purview of an insurance policy. The Court held that an intentional tort is not rendered unintentional by a defendant's mental incapacity. *Id.*, at 46. In the *Travelers* case, the Court held that, even with evidence that the defendant was insane at the time of the shooting, nevertheless, he "expected and intended the injuries he inflicted." *Id.*, at 47.

In the present case, The Defendant argues that Hoover was insane at the time of the shooting of Crump and Gibson. While the Defendant may be able to present sufficient evidence to prove that fact, under Virginia law, insanity is not an affirmative defense to the intentional torts of assault and battery.

## *Order*

For the foregoing reasons, it is hereby adjudged, ordered, and decreed that the Plaintiff's Motion to Strike is granted. Endorsement of this Order by counsel is waived pursuant to Rule 1:13 of the Supreme Court of Virginia. The clerk is directed to send attested copies of this Opinion and Order to counsel of record and to the defendants.